**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| WATTS-HEALY TIBBITS A JV,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 08-261C<br>(Senior Judge Smith) |

**IBC/TOA CORPORATION'S UNOPPOSED MOTION TO INTERVENE**

Pursuant to the Rules of the United States Court of Federal Claims ("RCFC"), IBC/TOA Corporation ( a joint venture) ("IBC/TOA"), by its undersigned counsel, respectfully moves to intervene as a matter of right in the above-captioned matter. This motion is unopposed.

Intervention is proper in accordance with Rule 24(a) of the RCFC because IBC/TOA has timely applied for intervention; because Plaintiff requests that the Court "enjoin further performance of IBC/TOA's further performance of the contract and to further direct the rescission of the award. . . ." (Complaint ¶ 32); because protection of IBC/TOA's interest will be impaired or impeded without its participation; and because IBC/TOA's interest will not be adequately represented by the existing parties. Alternatively, IBC/TOA should be permitted to intervene in accordance with RCFC 24(b) because IBC/TOA's defense and the main action have questions of law or fact in common.

IBC/TOA's Memorandum of Points and Authorities in Support of this Motion is attached.

Dated: April 15, 2008

Respectfully submitted,

s/ S. Lane Tucker by s/Emily C.C. Poulin
S. Lane Tucker
Perkins Coie LLP
1029 W. Third Avenue, Suite 300
Anchorage, AK 99501-1970
(907) 279-8561

Counsel to
IBC/TOA CORPORATION

Of Counsel:

Richard W. Oehler
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8419

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| WATTS-HEALY TIBBITSS A JV,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 08-261C<br>(Senior Judge Smith) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF IBC/TOA CORPORATION'S UNOPPOSED MOTION TO INTERVENE**

Pursuant to Rule 7(b) of the United States Court of Federal Claims ("RCFC"), IBC/TOA Corporation ("IBC/TOA"), by its undersigned counsel, respectfully submits this Memorandum of Points and Authorities in Support of its Motion to Intervene. As set forth below, IBC/TOA is entitled to intervene as a matter of right in accordance with RCFC 24(a). Alternatively, IBC/TOA should be permitted to intervene in accordance with RCFC 24(b).

**STATEMENT OF FACTS**

On April 10, 2008, Watts-Healy Tibbits A JV filed a protest with the United States Court of Federal Claims alleging, among other things, a violation of DFARS 252.236-7010. *See* Court of Federal Claims Complaint at 9 and 32. Watts requested that this Court "enjoin further performance of the contract and to further direct the rescission of the award [to IBC/TOA]." Complaint at ¶ 32. Specifically, Watts argues that these violations occurred in connection with the Navy's interpretation of DFARS 252.236-7010. Complaint at ¶¶ 15, 23, 25, 28-32.

Accordingly, IBC/TOA now moves to intervene in this case.

# ARGUMENT

## A. IBC/TOA IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT

IBC/TOA is entitled to intervene in this action as a matter of right under RCFC 24(a), which provides that:

> Upon timely application anyone shall be permitted to intervene in an action: . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest unless the applicant's interest is adequately represented by existing parties.

RCFC 24(a). In accordance with this rule, intervention is proper because IBC/TOA has timely applied for intervention, IBC/TOA has an interest in the transaction that is the subject of this action, IBC/TOA's protection of its interest will be impaired or impeded without its participation, and IBC/TOA's interest will not be adequately represented by the existing parties.

IBC/TOA has a direct and substantial economic interest in the allegations raised by Watts because the disposition of Watts' allegations would directly impact IBC, and Watts' request for remedies is directed at trying to hinder IBC/TOA's performance of one or more of its contracts. *See Karuk Tribe v. United States,* 28 Fed. Cl. 694, 696 (1993) (stating that "to intervene as a matter of right, an applicant-intervenor must demonstrate a direct, immediate, legally protectable interest in the proceedings, such that the intervenor would 'either gain or lose by the direct legal operation and effect of the judgment'"). Thus, the disposition of this action might, as a practical matter, impair or impeded IBC/TOA's property interest in revenues under one or more if its contracts.

Intervention also is proper because IBC/TOA's interests are not adequately protected by the United States. The United States' interests, which may be driven by specific political

and/or policy agendas, are potentially divergent from IBC/TOA's more narrowly focused interest in protecting the fruits of its substantial investment in this procurement. It is important to note that courts require only a "minimal" burden to show that intervention is necessary on the ground that representation by existing parties may be inadequate. *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n.10 (1972). When the party that is expected to represent the intervenor's interest is a government body or officer, there is no presumption that such representation would be adequate, unless that body or officer is charged by law to represent the interests of the absentee. *Natural Resources Defense Council v. EPA,* 99 F.R.D. 607, 610 n.5 (D.D.C. 1983); *Diamond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986)(insurance companies permitted to intervene in support of insurance statute that the government was already defending); *see also Karuk Tribe*, 28 Fed. Cl. at 697-98 (concluding that the United States, as a trustee, "must represent the interests of all Indians" but even then "[t]o the extent that the interest of the Tribe and those of the plaintiffs conflict, the United States' ability to represent all Indians is compromised"). In this case, the United States is not (nor does it claim to be) an adequate representative of IBC/TOA's interest in this litigation.

### B. IBC SHOULD BE PERMITTED TO INTERVENE

Alternatively, IBC/TOA should be permitted to intervene in accordance with RCFC 24(b) because IBC/TOA's claims and defenses and the main action have questions of law or fact in common. Accordingly, IBC/TOA properly should be granted permissive intervention in the event that the Court deems that RCFC 24(a) does not entitle IBC/TOA to intervention as a matter of right.

## CONCLUSION

For the foregoing reasons, IBC/TOA is entitled to intervene (1) as a matter of right or (2) by permissive intervention. Accordingly, IBC/TOA's Unopposed Motion to Intervene should be granted.

Dated: April 15, 2008

Respectfully submitted,

s/ S. Lane Tucker by s/Emily C.C. Poulin
S. Lane Tucker
Perkins Coie LLP
1029 W. Third Avenue, Suite 300
Anchorage, AK 99501-1970
(907) 279-8561

Counsel to
IBC/TOA CORPORATION

Of Counsel:

Richard W. Oehler
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8419

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| WATTS-HEALY TIBBITSS A JV,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 08-261C<br>(Senior Judge Smith) |

**CORPORATE DISCLOSURE STATEMENT**

Pursuant to the Rules of the United States Court of Federal Claims ("RCFC"), IBC/TOA Corporation ("IBC/TOA"), by its undersigned counsel, timely files this Corporate Disclosure Statement.

IBC/TOA is a joint venture comprised of International Bridge Corporation ("IBC"), an Ohio corporation, and TOA Corporation, a Japanese corporation. IBC holds the majority interest in IBC/TOA. No publicly-held corporation owns 10% or more of IBC's stock.

Dated: April 15, 2008

Respectfully submitted,

s/ S. Lane Tucker by s/Emily C.C. Poulin
S. Lane Tucker
Perkins Coie LLP
1029 W. Third Avenue, Suite 300
Anchorage, AK 99501-1970
(907) 279-8561

Counsel to
IBC/TOA CORPORATION

Of Counsel:

Richard W. Oehler
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8419

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that, on April 15, 2008, I caused a copy of Intervenor's foregoing UNOPPOSED MOTION TO INTERVENE, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF, and CORPORATE DISCLOSURE STATEMENT to be filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and in accordance with the Rules of the Court of Federal Claims, Appendix E, Rule 12, I have, therefore, served notice on counsel of record. Parties may access this filing through the Court's system.

s/ Emily C.C. Poulin
Emily C.C. Poulin

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| WATTS-HEALY TIBBITSS A JV,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 08-261C<br>(Senior Judge Smith) |

**ORDER**

HAVING READ AND CONSIDERED the Unopposed Motion to Intervene and Supporting Memorandum of Points and Authorities filed by IBC/TOA Corporation ("IBC/TOA"), together with any response thereto by the Plaintiff, the Court has determined that IBC/TOA's Unopposed Motion to Intervene as of Right should be, and hereby is, GRANTED.

SO ORDERED.

____________________________
Senior Judge Smith

Dated: _____________, 2008