IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | | |
|---|---|---|
| WATTS-HEALY TIBBITTS A JV | : | |
| Plaintiff, | : | |
| v. | : | No. 08-261C |
| | : | (Senior Judge Smith) |
| THE UNITED STATES, | : | |
| Defendant, | : | |
| And | : | |
| IBC/TOA Corporation, | : | |
| Intervenor. | : | |

**PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY**

Pursuant to Rule 26 and Appendix C, Part VII, of the Rules of the Court of Federal Claims, Plaintiff WATTS-HEALY TIBBITTS A JV moves the Court for leave to conduct limited discovery. An Administrative Record has not yet been filed, or required, in this post-award bid protest. As a result, information necessary for meaningful judicial review of the issues the Court directed the parties to address by Order dated May 6, 2008, is not yet available.

**Administrative Record - Relevant Core Documents**

Plaintiff requests limited production of documents that would normally be included in an administrative record, as follows:

1. The Solicitation required offerors to furnish, in Document 00100, "Instructions to Offerors," current company financial statements and any joint venture agreement. In addition,

Document 00100, Paragraph 1.24, "Preaward Survey/Responsibility Determination," required that the following information be submitted:

a. Company financial statements (balance sheets and income statements) for past three years.

b. Financial resources available to perform the contract. Submit evidence of availability of working/operating capital that will be used for the performance of the contract. If the offeror plans to rely on financial support from other sources, identify the maximum lines of credit that will be available to include documentation to support the amounts. The maximum lines of credit should be based upon the inclusion of this contract effort. For joint ventures discuss the financial responsibilities among companies and provide same information for each partner.

c. Newly-formed entity (e.g. limited liability company ("LLC"), limited partnership ("LP") and newly created corporate subsidiary) that is the entity liable on the contract ordinarily have no record–or an insufficient record–of relevant experience, past performance, and financial capability to support a responsibility determination. In such cases, the offeror may rely on the resources of the LLC member, parent, limited partner, or other entities related to the offeror for responsibility purposes where the offer submits a guaranty from the entity providing the resources. (DLA Form 621 is acceptable. See attached.)

d. A list of existing commercial and government business commitments to include contract numbers, names of Contracting Officers, telephone numbers, values of contracts, completion dates and percent complete. If the list of existing commitments is extensive, provide the required information on at least five projects of similar dollar value and a summary of the existing commitments to include number of contracts, total dollar value of all contracts, and total dollar value of work remaining.

2. The Solicitation further required, in Document 00100, Paragraph 1.25, "Joint Ventures (JV), Limited Liability Companies (LLC), Limited Partnerships (LP), etc.," that the following information be furnished:

a. A copy of the JV, LLC or LP agreement.

b. A detailed statement outlining the following in terms of percentages where appropriate:

1. The relationship of the team/partners/parties in terms of business ownership, capital contribution, profit distribution or loss sharing.

2. The management approach in terms of who will conduct, direct, supervise, and control.

3. The structure and decision-making responsibilities of the partners/parties in terms of who will control the manner and method of performance of work.

4. Identify (by name and title) the personnel having the authority to legally bind the partners/parties (including authority to execute the contract documents and bonds).

c. A list of partners/parties, to include company name, DUNS and CAGE Numbers, address, point of contract, Email address, phone number and facsimile number.

3. The Solicitation also required, in Document 00202, paragraph 2.3 "Technical Evaluation Factors and Subfactors," that information be submitted to evaluate an offeror's past performance and experience, the experience and qualifications of key personnel, the management plan for successful performance of the project, and participation of small business concerns in the project as exhibited by a Small Business Subcontracting Plan.

The Court is respectfully requested to direct the Defendant to promptly provide the Plaintiff with copies of the above documents which will ultimately be part of the administrative record. The Plaintiff agrees to be bound to a Protective Order if requested by the Defendant or the Intervenor.

**Additional Documents Relevant to Issue of Responsibility**

The Solicitation, in Document 00100, paragraph 1.22, also required the proposer to furnish a bid bond and, in Document 00700, paragraphs 1.14 and 1.137, upon award, required the awardee to furnish payment and performance bonds. The Plaintiff requests that the Defendant and the Intervenor be required to produce copies of the bonds furnished to the government, together with a copy of the agreement with the surety indicating the security provided to the surety, the identity of who provided the security, and copies of any related

indemnity agreements presented to or required by the surety. In addition, the Court is requested to direct the Intervenor to produce a copy of any written agreements, including "side agreements" between IBC and TOA, or any memoranda of understanding between IBC and TOA, relating to the bonding and capital contributions of the parties to the joint venture. The purpose of this request is to determine the extent to which TOA Corporation and IBC individually participated in furnishing, guarantying, or indemnifying the bid, payment, or performance bonds and whether any such participation was commensurate with IBC's purported 51% ownership of the IBC/TOA Corporation joint venture. The Plaintiff agrees to be bound to a Protective Order if requested by the Defendant or the Intervenor.

**Limited Deposition of the Contracting Officer Relating to the Issue of Responsibility**

The Plaintiff also requests the right to take a limited deposition of the Contracting Officer for the purpose of determining what information the Contracting Officer had and considered with regard to the business integrity of IBC and TOA Corporation. The Plaintiff also requests the Court's permission to inquire as to the basis for the Contracting Officer's conclusion that the Intervenor was responsible, as evidenced by the fact that an award was made. Furthermore, the Plaintiff requests the right to depose the Contracting Officer with regard to the conclusions that the Contracting Officer reached when he reviewed the certification required by FAR 52.209-5. Finally, since evidence addressed in Plaintiff's Motion for reconsideration and Amended Complaint raises serious questions as to the accuracy of the certification, the Court is respectfully requested to require an explanation, by deposition, of the Contracting Officer's reasons for accepting the certification.

A Memorandum of Points and Authorities in Support of Plaintiff's Motion for Leave to Conduct Limited Discovery is filed herewith.

Respectfully submitted,

Dated: May 8, 2008

/s/ Michael H. Payne_____
Michael H. Payne, Esquire
Payne Hackenbracht & Sullivan
220 Commerce Dr., Suite 100
Ft. Washington, PA 19034
215-542-2777
215-542-2779(fax)
mhp@phslegal.com

Attorney of Record for
WATTS-HEALY TIBBITTS A JV

OF COUNSEL:
Joseph A. Hackenbracht, Esquire
Timothy A. Sullivan, Esquire
Payne Hackenbracht & Sullivan