IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | | |
|---|---|---|
| WATTS-HEALY TIBBITTS A JV | : | |
| Plaintiff, | : | |
| v. | : | No. 08-261C<br>(Senior Judge Smith) |
| THE UNITED STATES, | : | |
| Defendant, | : | |
| And | : | |
| IBC/TOA Corporation, | : | |
| Intervenor. | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY**

Plaintiff, WATTS-HEALY TIBBITTS A JV, has filed a Motion for Leave to Conduct Limited Discovery in order to provide information that will facilitate meaningful judicial review of the issues before the Court. By Order dated May 6, 2008, the Court required briefing by the parties regarding two issues addressed in the Plaintiff's pending Motion for Reconsideration. Those two issues involve the question of whether the TOA Corporation, and hence the TOA/IBC joint venture, was properly found to be responsible in view of the alleged involvement of the TOA Corporation in bid rigging in Japan during the last two years; and, whether the representation that IBC is a 51% owner of the joint venture is supported by the underlying facts regarding the financial and performance capabilities of IBC.

Since an administrative record is not required at this stage of the proceeding, the Plaintiff and the Court do not have access to information that was required by the terms of the solicitation

and that undoubtedly is, or should be, in the Government's possession. In other words, both the Defendant, who received the information, and the Intervenor, who provided the documentation required by the Solicitation, have information that the Plaintiff and the Court do not have that pertains to the issues before the Court. This requested information, which is listed in the Plaintiff's Motion for Leave to Conduct Limited Discovery, pertains to the responsibility determination of the TOA/IBC joint venture, and specifically pertains to the Court's request that the capability of IBC to serve as a 51% owner of the joint venture be addressed.

This request is not the equivalent of a request to supplement the Administrative Record, because the Administrative Record has not yet been produced. The request, therefore, is simply that the Court direct the Defendant to produce those documents that are responsive to the Plaintiff's Motion and that would ultimately be included in the Administrative Record in any event. This is entirely consistent with Appendix C, paragraph 22 of the RCFC that addresses the information to be in the Administrative Record and provides that "Early production of relevant core documents may expedite final resolution of the case." Paragraph 23 also provides that "Because a protest case cannot be efficiently processed until production of the administrative record, the court expects the United States to produce the core documents and the remainder of the administrative record as promptly as circumstances will permit."

The documents pertaining to the financial and bonding arrangements between IBC, TOA Corporation, and the surety would not be part of the Administrative Record, however, because the solicitation did not require their submission and they are within the exclusive control of the Intervenor. In examining the issue of IBC's true role as a purported 51% owner of the joint venture, those documents (as delineated in the Plaintiff's Motion) are relevant and material and they undoubtedly will be of interest to the Court, the Defendant, and the Plaintiff. The

Plaintiff's request for production of those documents, therefore, is similar to a request to supplement the record (even though an administrative record has not yet been filed). In those cases where the issue of supplementation of an administrative record has been addressed by the Court, this Court has held that supplementation will be allowed where it "might be necessary to help explain an agency's decision and thereby facilitate meaningful judicial review of the agency decision, particularly when a subjective value judgment has been made but not explained, and . . . . the record may be supplemented with (and through discovery a party may seek) relevant information that by its very nature would not be found in an agency record… " Orion Intern. Technologies v. U.S., 60 Fed.Cl. 338 (2004). It is respectfully submitted, therefore, that the same reasoning is applicable to the Plaintiff's request.

The Plaintiff is further requesting that the Court authorize a limited deposition of the Contracting Officer for the purpose of determining what information the Contracting Officer considered, and what information was presented to him, concerning the business integrity and responsibility of IBC and the TOA Corporation. This inquiry would also involve questioning regarding the basis for accepting the Intervenor's certification under FAR 52.209-5 wherein the Intervenor effectively stated that neither the joint venture, nor either one of its members, had been involved in offenses related to a lack of business integrity during the last three years.

The issue of whether discovery should be permitted in a bid protest case has been presented before and, in one of the leading cases, involved circumstances that bear a similarity to the case at hand. In Impresa Construzioni Geom. Domenico Garufi v. U.S., 238 F.3d 1324, C.A.Fed. 2001, there was an allegation that the contracting officer's responsibility determination was arbitrary because the contractor did not fulfill the "satisfactory record of integrity and business ethics" requirement of FAR 9.104-1(d). While recognizing that Contracting Officers

are generally not required to provide "written explanations for their actions, the Federal Circuit stated that:

> However, under the APA even where an explanation or reason is not required, a reviewing court has power to require an explanation. The Supreme Court's recent decision in LTV, and earlier decisions in Overton Park and Pitts, make clear that, even if the agency is not obligated to provide reasons, a court may nonetheless order the agency to provide explanation if such an explanation is required for meaningful judicial review. LTV, 496 U.S. at 654, 110 S.Ct. 2668; Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 420, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971); Pitts, 411 U.S. at 142-43, 93 S.Ct. 1241.

As in the Impresa case, which involved evidence of misconduct amounting to a lack of business ethics in Italy, the case at hand involves evidence of wrongdoing amounting to a lack of business ethics for events that occurred in Japan. In examining the question of how an explanation should be obtained from a contracting officer, the court stated that:

> In Overton Park, the Court appeared to endorse the principle that when further explanation is necessary to determine if the agency acted arbitrarily and capriciously, a reviewing court "may require the administrative officials who participated in the decision to give testimony explaining their action." Overton Park, 401 U.S. at 420, 91 S.Ct. 814. The Supreme Court has since backed away from routinely compelling testimony of the agency decision-makers in more recent decisions such as LTV and Florida Power & Light Co. v. Lorion. See LTV, 496 U.S. at 654, 110 S.Ct. 2668; Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985). These cases make clear that remand to the agency is the preferred course, and that testimony will be ordered only in "rare circumstances." Florida Power & Light, 470 U.S. at 744, 105 S.Ct. 1598. In LTV, the Court held that an "agency [should] take whatever steps it needs to provide an explanation that will enable the court to evaluate the agency's rationale," and that remand to the agency for an explanation is the "preferred course." LTV, 496 U.S. at 654, 110 S.Ct. 2668.
>
> However, this "preferred course" seems out of place in this area of government procurement. The decision at issue is not the decision of the agency or agency head, but the decision of the contracting officer-an individual within the agency. Under such circumstances, remand to the agency, here the Department of Defense or one of its constituent agencies, seems unduly cumbersome. Rather, this is one of those "rare circumstances" where the reasons for the contracting officer's decision should be obtained by the contracting officer's testimony, as was done in Overton Park.

In ordering the deposition of the contracting officer, the Federal Circuit made it clear that the Court was not ordering a deposition into the contracting officer's mental process, that is, the thought process by which he made his decision. The Court ruled that the deposition is to be confined strictly to placing on the record the basis for the contracting officer's responsibility determination, that is, his grounds for concluding that the contractor had a "satisfactory record of performance, integrity, and business ethics." Specifically, the Federal Circuit ruled that:

> In order to answer the question of whether there was a lack of rational basis for the contracting officer's decision, we must know: (1) whether the contracting officer, as required by 48 C.F.R. § 9.105-1(a), possessed or obtained information sufficient to decide the integrity and business ethics issue, including the issue of control, before making a determination of responsibility; and (2) on what basis he made the responsibility determination.

In addition, the Court stated that:

> Unfortunately, the record does not include any articulation of what the contracting officer concluded when he reviewed the certification. Since the evidence raises serious questions as to the accuracy of the certification, we must require an explanation by deposition of the contracting officer's reasons for accepting the certification.

Impresa Construzioni Geom. Domenico Garufi v. U.S., supra. Significantly, after the case was remanded to the Court of Federal Claims, and the deposition of the Contracting Officer was taken, the Court reversed its earlier position and sustained the protest. Impresa Construzioni Geom. Domenico Garufi v. U.S., Fed.Cl. 421 (2002). It is respectfully submitted, therefore, that a limited deposition of the Contracting Officer is warranted to inquire about the undocumented basis for the finding of responsibility and acceptance of the FAR 52.209-5 certification as it relates to business integrity.

Respectfully submitted,

Dated: May 8, 2008

/s/ Michael H. Payne______
Michael H. Payne, Esquire
Payne Hackenbracht & Sullivan
220 Commerce Dr., Suite 100
Ft. Washington, PA 19034
215-542-2777
215-542-2779(fax)
mhp@phslegal.com

Attorney of Record for
WATTS-HEALY TIBBITTS A JV

OF COUNSEL:
Joseph A. Hackenbracht, Esquire
Timothy A. Sullivan, Esquire
Payne Hackenbracht & Sullivan