# ENCLOSURE 2

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| WATTS-HEALY TIBBITS A JV,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant,<br>and<br>IBC/TOA CORPORATION,<br>Defendant-Intervenor. | No. 08-261C<br>(Senior Judge Smith) |

## DECLARATION OF ATSUSHI ANDO

I hereby declare, under penalty of perjury, that the following is true and correct to the best of my knowledge and belief:

1. My name is Atsushi Ando. I am with the International Division of TOA Corporation. I have been with TOA since 1989, and with the International Division since 1991. Until April 1, 2008, I was the Manager for the Project Development Section, and at that time transferred to the Manager of the Contract Administration Department.

2. I have reviewed the protester's allegations concerning violations of the Anti-Monopoly Act ("AMA") committed by certain divisions of TOA Corporation in 2004 (the Defense Facilities Administration Agency ("DFAA") case) and 2005 (the Nagoya subway case). The JFTC issued cases against 33 companies in the DFAA case, and 60 companies in the subway case. In the DFAA case, TOA was suspended from public contracting for one month in the specific geographical region of the project.

3. In total, the Japanese Fair Trade Commission ("JFTC") issued cases against over one hundred Japanese construction companies related to the industry practice of bid collusion for Japanese construction projects. In the two instances TOA was cited TOA's fine was less than five percent of the total fines levied by the JFTC. Attachment 11. TOA has paid all fines assessed and has served its suspension.

4. A case has never been issued against the International Division, and to the best of my knowledge the JFTC has never investigated any such allegations against the International Division.

5. TOA has been awarded 33 contracts directly by the United States in Japan in the last three years. I am familiar with the FAR certification at issue and it is correct because the instances occurred on Japanese contracts in Japan.

6. TOA has for many years had policies in place directing employees to comply with all laws. The employee involved in the DFAA case was disciplined. TOA has taken extensive additional steps, as outlined below, to ensure that this practice stops. No further infractions have incurred.

7. On April 1, 2005, TOA's established a new Compliance Committee with our President as Chairman. It was formerly called the AMA Compliance Committee. It established that it would ensure that policies regarding legal compliance were adhered to. Attachment 1. The committee is now part of TOA's Corporate Social Responsibility Committee.

8. On May 23, 2006, TOA's Board of Directors met and issued updated Corporate Activity Guidelines that were posted to TOA's internal website on June 1, 2006. Attachment 2.

9. On July 23, 2007, our Board of Directors was convened and resolved the additional actions for observance of the Anti-Monopoly Act in response to the Cease and Desist Order from the Japanese Fair Trade Commission ("JFTC") dated June 20, 2007 (the DFAA case). Attachment 3.

10. On August 10, 2007, TOA submitted its preventive measures related to the DFAA case to the JFTC and those measures were stamped approved by the JFTC. Attachment 4.

11. On August 29, 2007, TOA's President and our Representative Director issued a notice to all employees of TOA Corporation regarding the DFAA case ordering them to observe AMA and never to commit a violation thereof. Attachment 5.

12. On October 29, 2007, TOA conducted a seminar led by outside counsel for its management and all employees concerned on complying with the AMA.

13. On January 18, 2008, TOA submitted its preventive measures to the JFTC related to the Nagoya subway case and those were stamped approved by the JFTC. Attachment 6.

14. On February 15, 2008, TOA's President issued a notice to all employees ordering a submission of a written oath regarding compliance with Japanese laws. Attachment 7. This directive was transmitted from the Compliance Committee to each Section Head by memorandum (Attachment 8) attaching the President's notice and a copy of the oath (Attachment 9), and was then transmitted by the Section heads to the employees.

15. On March 31, 2008, TOA's Regulation of Employees was revised to include a penalty clause providing for removal for violations of the AMA and other laws. Attachment 10.

16. As evidenced by the above, and by my personal knowledge, TOA Corporation views these as serious violations and is committed to ensuring no further violations occur, which none have.

FURTHER AFFIANT SAYETH NOT

I have read the foregoing and believe the same to be true and correct to the best of my knowledge.

ATSUSHI ANDO

May 19, 2008

# ATTACHMENT 1

# コンプライアンス委員会規則

第１条（目　的）
この規則は、会社の一切の事業活動に係る法令違反を排除することにより、会社の適法な事業運営と、健全な発展を促進することを目的とする。

第２条（設　置）
① 第１条の目的を達成することを任務とするコンプライアンス委員会（以下、「委員会」という。）を置く。
② 委員会は、社長の所轄に属する。

第３条（任　務）
委員会は、前条第１項の目的を達成するため、次に掲げる任務を行なう。
1 コンプライアンスの運営に関する事項
2 コンプライアンスの基本方針の企画および立案のために必要となる事項
3 コンプライアンスに関する重要な政策に関する事項
4 事務執行者の執行状況の監理・指導
5 前各号に掲げるものに付帯する事項

第４条（組織、構成）
① 委員会は、委員長、副委員長および２人の委員をもってこれを組織する。
② 委員長は、社長がこれに充たる。
③ 副委員長は、管理本部長がこれに充たる。
④ 委員は、土木事業本部長および建築事業本部長がこれに充たる。

第５条（任　期）
委員長、副委員長および委員の任期は、当該部門担当職責在任期間とし、これに変更あるときには、その後任者がこれに充たる。

第６条（委員長）
① 委員長は、委員会の任務を統括し、委員会を代表する。
② 副委員長は、委員長が故障ある場合に委員長を代理する。

第７条（議　事）
① 委員会は、委員長または副委員長がこれを召集する。委員会は、委員長または副委員長および２人以上の委員の出席がなければ議事を開き、議決することができない。
② 委員会の議事は、出席委員の過半数を以ってこれを決する。可否同数のときは、委員長の決するところによる。

第 8 条（事務執行者）

① 委員会は、その任務に関する事項を執行することを任務とする執行者を置き、委員会決定事項に関する事務の執行を行なわさせる。

② 事務執行者は、次に掲げる事務をつかさどる。

1 コンプライアンスについて啓発、教育・指導および監視を行なうこと

3 法令についての相談

4 事業活動の監視

5 事業者団体または親睦団体の加入および活動の審査

6 その他委員会決定事項の執行

7 前各号に掲げるものに付帯する事項

③ 事務執行者は、土木事業本部土木事業管理室長、建築事業本部建築事業管理室長、経営企画室長、管理本部人事部長および管理本部総務部長がこれに充たる。

④ 事務執行者の任期は、当該部門担当職責在任期間とし、これに変更あるときには、その後任者がこれに充たる。

第 9 条（事務局の組織）

① 委員会の事務を処理するため、総務部法務課に事務局を置く。

② 委員会事務局は、総務部法務課員の外、委員会が適宜任命する者でこれを構成する。

附則

第 1 条（施行期日）

この規則は、平成１７年４月１日から施行する。

附則（平成１９年７月１日）

第 1 条（施行期日）

この規則は、平成１９年７月１日から施行する。

# ATTACHMENT 2

**TOA CORPORATION GROUP - CORPORATE ACTIVITY GUIDELINES**

Toa Corporation shall hereby establish "TOA CORPORATION GROUP – CORPORATE ACTIVITY GUIDELINES" and enforce them among the entire group of companies.

Understanding that Toa's significance of existence in the society can be realized by implementing Toa's management policy, "To develop the company's business with high technology and to fulfill social responsibilities by sound management", we shall proceed with CSR activities and shall continue to develop sound company's business.

1. Provision of Superior Construction and Services
   We shall, responding diversifying needs of customers and society, provide construction and services which can contribute to the society.

2. Compliance with of Laws and Regulations
   We shall strictly comply with the laws and regulations and their implied spirits and shall implement faithful and adequate corporate activities under the social common sense.

3. Fair Competition
   We shall encourage free competition with fairness and transparency.

4. No Relations with Antisocial Power
   We shall quit and stop any relation with antisocial power which gives threats to the social order and safety.

5. Disclosure of Corporate Information and Security of Social Trust
   We shall disclose corporate information appropriately and timely, shall positively communicate with the society and shall secure social trust as"An Open Company".

June 1 2006

6. Harmony with and Contribution to Local Community
   We shall harmonize the profits of the company and society, shall build and maintain good relationship with local community and shall act as a "Good Corporate Citizen".

7. Environmental Activity
   We shall make effort to live together with the environment in all fields of company's activities and shall positively implement its maintenance and restoration.

8. Good Working Environment and Richness
   We shall secure safe and gentle working environment, shall respect character and personality of employees and shall provide them with mental and physical richness.

9. Harmony with and Contribution to International Society
   We shall comply with international and local laws and regulations in the international society, shall respect local culture and customs and shall contribute to the development of local community.

10. Management's Leadership and Organization
    Our directors and management staff shall recognize that they shall realize this guideline as their duty, shall take leadership and show good example and shall construct, administer and strengthen company's organization.

# ATTACHMENT 3

SFXFC4F-E.doc
W8BNMSWD
[Draft translation]
Minutes of the Board of Directors Meeting

1. Date and Time: July 23, 2007 Convened at 9:00 a.m.
Adjourned at 9:15 a.m.

2. Place: Company head office conference room

3. In Attendance: Total number of Directors: 8 Directors in attendance: 6
Total number of Statutory Auditors: 4
Statutory Auditors in attendance: 4

4. Chairman of the Meeting: Masao Watanabe, Representative Director

5. Items for Actions: Cease and desist measures ordered by Cease and Desist Order by Fair Trade Commission

Prior to the submission of the matter concerned herein, Chairman of the Meeting Masao Watanabe, Representative Director, made a report that the Company had received a Cease and Desist Order 2007 (SO) No. 11 dated June 20, 2007 (hereinafter referred to as the "Cease and Desist Order No. 11" from the Fair Trade Commission stating that certain conduct of this Company was in violation of the Anti-Trust Law.

The Chairman of the Meeting then made the following proposals pursuant to the Cease and Desist Order No. 11, to which all in attendance unanimously consented without objection.

(1) This Company shall confirm that it has ceased and desisted the act of deciding, in concert with the 55 companies of the business entities listed in Schedule 1, exclusive of this Company, and the 4 companies listed in Schedule 2, Schedule 3 and Schedule 4 of the Cease and Desist Order No. 11, upon the person/s who should be awarded with (hereinafter referred to as the "person/s intended for an award/s"), and assisting such person/s intended for an award/s to be actually awarded with, the construction projects ordered in 2004 and thereafter listed in the attachment to the aforementioned Cease and Desist Order;

(2) Upon obtaining approval of the Fair Trade Commission in advance, this Company shall notify the aforementioned 55 companies, and additionally keep all the employees of this Company thoroughly informed, of the following:

(a) that it has been confirmed that the violation referred to in (1) above has been ceased and desisted;

(b) that [this Company] shall not, in the future, decide, in concert with the 54 companies

of the aforementioned 55 companies, exclusive of the business entity listed in Schedule 5, upon the person/s who should be awarded with any of the comprehensive civil engineering or building construction projects (including those to be ordered in the name of the Ministry of Defense upon abolishment of the Defense Facilities Administration Agency) ordered by the Defense Facilities Administration Agency through its local defense facilities sub-agencies (including their defense facilities branch offices) by way of competitive bidding, and, shall, instead, independently engage in order receiving activities;

(3) that this Company shall not, in the future, decide, in concert with the 54 companies of the aforementioned 55 companies, exclusive of the business entity listed in Schedule 5, upon the person/s who should be awarded with any of the comprehensive civil engineering or building construction projects ordered by the Defense Facilities Administration Agency through its local defense facilities sub-agencies by way of competitive bidding;

(4) Upon obtaining approval of the Fair Trade Commission in advance, this Company shall take those measures that are necessary to carry out each of the following in order to prevent the act referred to in the preceding paragraph in the future:

(a) Drafting or review of conduct guidelines concerning Anti-Trust Law compliance relative to receiving orders from government or public agencies;

(b) Periodic training of the executives in charge of sales and marketing and sales and marketing managers or sales and marketing personnel for comprehensive civil engineering or building construction projects ordered by the Defense Facilities Administration Agency through its local defense facilities sub-agencies by way of competitive bidding, addressing Anti-Trust Law compliance relative to receiving orders from government or public agencies, and periodic auditing by legal personnel;

(c) Maintenance or review of company regulations concerning the disposition of the executives, employees, etc., who were involved in Anti-Trust Law violation;

(d) Establishment or review of intracompany reporting system and intracompany investigation system that have practical effects, such as immunity given to informers on Anti-Trust Law violations, those subjected to intracompany investigations, etc.

In witness whereof, these minutes were prepared, and the chairman of the meeting and all those in attendance signed (or wrote their names) and affixed their respective chops below.

July 23, 2007

Chairman of the Meeting:
Representative Director & Chairman of the Board Masao Watanabe [chop]

| | |
|---|---|
| Representative Director & President | Yukio Suzuki [chop] |
| Representative Director | Hideaki Kimoto [chop] |
| Representative Director | Keiji Yoshikura [chop] |
| Director | Kiichi[?] Kobayashi [chop] |
| Director | Sekimasa[?] Tani [chop] |
| Full time Statutory Auditor | Shuji Kubo [chop] |
| Statutory Auditor | Minoru Oka [chop] |
| Statutory Auditor | Nobuyuki Isa [chop] |
| Statutory Auditor | Kenji Kita [chop] |

Attachment:

- Cease and Desist Order (2007 (SO) No. 11)

It is hereby certified that this is a true copy of the original minutes.

September 28, 2007

Yukio Suzuki [seal]
Representative Director & President
Toa Kensetsu Kogyo Company, Ltd.

††††††††††††††††††††††3
'YŒT0u][P[*
*OS9 J:Temporary Items:Word Work File A 830
'YŒT0u][P["
"OS9 J:Desktop Folder:SFXFC4F-E.doc
'YŒT0u][P["

# ATTACHMENT 4

$([\{£¥
$([\{£¥“‘ 〈 《 「
'YŒT0u][P[
'YŒT0u][P[
Microsoft Word •¶ ‘
Word.Document.8
_PID_GUID
{32A98500-25BD-11DD-841A-0005020EF727}
{32A98500-25BD-11DD-841A-0005020EF727}
Normal
Microsoft Word 8.0
[stamp: Fair Trade Commission Secretariat; Received on 8.10.07]

August 10, 2007

To: Fair Trade Commission

Address: 5-banchi, Yonban-cho, Chiyoda-ku, Tokyo-to
Kensetsu Kogyo

[stamp: Fair Trade Commission Secretariat; Received on 8.10.07]

August 10, 2007

To: Fair Trade Commission

Address: 5-banchi, Yonban-cho, Chiyoda-ku, Tokyo-to
Kensetsu Kogyo

ation Agency through its local defense facilities sub-agencies by way of competitive bidding, addressing Anti-Trust Law compliance relative to receiving orders from government or public agencies, and periodic auditing by legal personnel;
(3) Preparation or review of company regulations concerning the disposition of the executives, employees, etc., who were involved in Anti-Trust Law violation;
(4) Establishment or review of intracompany reporting system and intracompany investigation system that have practical effects, such as immunity given to informers on Anti-Trust Law violation, those subjected to intracompany investigation, etc.

Attachments:

1. Draft letter of notice to be sent to the business entities who received cease and desist order (one letter): Exhibit 1
2. List of business entities to be notified Exhibit 2
3.

8OS9 J:Desktop Folder:Perkins Coie 05/19/08:SFXFC5A-E.doc
DocumentSummaryInformation
DocumentSummaryInformation
CompObj
CompObj
ObjectPool
ObjectPool
0Table
0Table
Unknown
Unknown
'YŒT0u][P[
'YŒT0u][P["
"OS9 J:Desktop Folder:SFXFC5A-E.doc
'YŒT0u][P[*
*OS9 J:Temporary Items:Word Work File A 550
'YŒT0u][P[*
*OS9 J:Temporary Items:Word Work File A 510
'YŒT0u][P[8
8OS9 J:Desktop Folder:Perkins Coie 05/19/08:SFXFC5A-E.doc
'YŒT0u][P[8
8OS9 J:Desktop Folder:Perkins Coie 05/19/08:SFXFC5A-E.doc
'YŒT0u][P[8
8OS9 J:Desktop Folder:Perkins Coie 05/19/08:SFXFC5A-E.doc
'YŒT0u][P[K
KOS9 J:Desktop Folder:WORK 104 05/19/08-:Perkins Coie 05/19/08:SFXFC5A-E.doc
'YŒT0u][P[*
*OS9 J:Temporary Items:W
!%),.:;?]}¢°
!%),.:;?]}¢°'"‰′″℃、
$([\{£¥
$([\{£¥'"〈《「
'YŒT0u][P[
'YŒT0u][P[
Times New Roman
Times New Roman
Symbol
Symbol
!%),.:;?]}¢°
!%),.:;?]}¢°'"‰′″℃、
$([\{£¥
$([\{£¥'"〈《「
'YŒT0u][P[
'YŒT0u][P[
¡lement a method of notice to the business entities that received the cease and desist order and a method of keeping our employees thoroughly informed pursuant to Paragraph 2 of

the text of the Cease and Desist Order 2007 (SO) No. 11 and certain measures necessary to implement the preventive measures pursuant to Paragraph 4 of the text of the said Cease and Desist Order as follows, and your approval is hereby applied for.

1. Method of notice to the business entities that received the cease and desist order of Paragraph 2 of the Cease and Desist Order 2007 (SO) No. 11:
To send a letter of notice to the business entities that received the cease and desist order by mail with recorded delivery.
The sender thereof shall be Representative Director, a draft letter is as per Exhibit 1, the addresses of respective addressees are as per Exhibit 2, and the timing of the notice shall be within 15 days of your Commission's approval.

2. Method of keeping our employees thoroughly informed as per Paragraph 2 of the text of the Cease and Desist Order:
To disseminate a letter of information to the employees (1,855 individuals) of our company to keep them thoroughly informed.
The sender of the letter shall be Yukio Suzuki, Representative Director, a draft letter is as per Exhibit 3, the employees to be thoroughly informed are as per Exhibit 4, and the timing of the information shall be within 15 days of your Commission's approval.

3. Measures necessary to implement the preventive measures as per Paragraph 4 of the text of the Cease and Desist Order:
To take and implement necessary measure as per Exhibit 5 with respect to (1) through (4):
(1) Drafting or review of conduct guidelines concerning Anti-Trust Law compliance relative to receiving orders from government or public agencies;
(2) Periodic training of the executives in charge of sales and marketing and sales and marketing managers or sales and marketing personnel for comprehensive civil engineering or building construction projects ordered by the Defense Facilities Administr
Microsoft Word •¶ ‘
Word.Document.8
_PID_GUID
{32A98500-25BD-11DD-841A-0005020EF727}
{32A98500-25BD-11DD-841A-0005020EF727}
Normal
Microsoft Word 8.0
ord Work File A 886
ord Work File A 886
'YŒT0u][P[K
KOS9 J:Desktop Folder:WORK 104 05/19/08-:Perkins Coie 05/19/08:SFXFC5A-E.doc
Times New Roman
Times New Roman
Symbol
Symbol
!%),.:;?]}¢°
!%),.:;?]}¢°’”‰′″℃、

ation Agency through its local defense facilities sub-agencies by way of competitive bidding, addressing Anti-Trust Law compliance relative to receiving orders from government or public agencies, and periodic auditing by legal personnel;
(3) Preparation or review of company regulations concerning the disposition of the executives, employees, etc., who were involved in Anti-Trust Law violation;
(4) Establishment or review of intracompany reporting system and intracompany investigation system that have practical effects, such as immunity given to informers on Anti-Trust Law violation, those subjected to intracompany investigation, etc.

Attachments:

1. Draft letter of notice to be sent to the business entities who received cease and desist order (one letter): Exhibit 1
2. List of business entities to be notified Exhibit 2
3.

Draft letter of information to be disseminated to employees (Cease and Desist Order to be attached as attachment) Exhibit 3
4. List of employees to be informed Exhibit 4
5. Draft implementation plan of preventive measures Exhibit
5
Draft letter of information to be disseminated to employees (Cease and Desist Order to be attached as attachment) Exhibit 3
4. List of employees to be informed Exhibit 4
5. Draft implementation plan of preventive measures Exhibit
5
[draft translation]

; No. Method of Notice, etc. and
[draft translation]

; No. Method of Notice, etc. and
[stamp: Fair Trade Commission Secretariat; Received on 8.10.07]

August 10, 2007

To: Fair Trade Commission

Address: 5-banchi, Yonban-cho, Chiyoda-ku, Tokyo-to
Company name: Toa Kensetsu[Construction] Company, Ltd.
Representative
[stamp: Fair Trade Commission Secretariat; Received on 8.10.07]

August 10, 2007

To: Fair Trade Commission

Address: 5-banchi, Yonban-cho, Chiyoda-ku, Tokyo-to
Company name: Toa Kensetsu[Construction] Company, Ltd.
Representative's name: Yukio Suzuki [seal]
Representative Director

Re: Method of Notice, etc. and Application for Approval of Measures pursuant to Cease and Desist Order

We wish to imp3〉
name: Yukio Suzuki [seal]
Representative Director

Re: Method of Notice, etc. and Application for Approval of Measures pursuant to Cease and Desist Order

We wish to imp3
recipientsthat
recipientsthat
text of the

plan

text of the

plan

to be Taken
to be Taken
Maintenance
Maintenance
Company name: Toa Kensetsu[Construction] Company, Ltd.
Representative
Company name: Toa Kensetsu[Construction] Company, Ltd.
Representative's name: Yukio Suzuki [seal]

Representative Director

Re: Method of Notice, etc. and Application for Approval of Measures pursuant to Cease and Desist Order

We wish to imp3〉
name: Yukio Suzuki [seal]
Representative Director

Re: Method of Notice, etc. and Application for Approval of Measures pursuant to Cease and Desist Order

We wish to imp3
recipientsthat
recipientsthat
text of the

plan

text of the

plan

to be Taken
to be Taken
Maintenance
Maintenance
Kensetsu Kogyo
Kensetsu Kogyo
by mail with recorded deliverytheonss::::
by mail with recorded deliverytheonss::::

# ATTACHMENT 5

ObjectPool
0Table
0Table
Unknown
Unknown
'YŒT0u][P[
'YŒT0u][P["
"OS9 J:Desktop Folder:SFXFC51-E.doc
'YŒT0u][P[(
(OS9 J:Temporary Items:Word Work File A 8
'YŒT0u][P[*
*OS9 J:Temporary Items:Word Work File A 878
Times New Roman
Times New Roman
Unknown
Unknown
'YŒT0u][P[
'YŒT0u][P["
"OS9 J:Desktop Folder:SFXFC51-E.doc
'YŒT0u][P[(
(OS9 J:Temporary Items:Word Work File A 8
'YŒT0u][P[*
*OS9 J:Temporary Items:Word Work File A 878
'YŒT0u][P[K
KOS9 J:Desktop Folder:WORK 104 Desist Order No. 11 was in violation of the Anti-Trust Law.

Our company held a Board of Directors meeting on July 23, 2007, and confirmed and resolved the following matters. You at respective positions are hereby requested to make efforts to fully comply with the Anti-Trust Law and to exercise full precaution to prevent such violation from being committed again.

1. Our company has confirmed that it has ceased and desisted the act of deciding, in concert with the 55 companies of the business entities list

Times New Roman
Times New Roman
Symbol
Symbol
05/19/08-:Perkins Coie 05/19/08:SFXFC51-E.doc
05/19/08-:Perkins Coie 05/19/08:SFXFC51-E.doc
'YŒT0u][P[K
KOS9 J:Desktop Folder:WORK 104 05/19/08-:Perkins Coie 05/19/08:SFXFC51-E.doc
!%),.:;?]}¢°
!%),.:;?]}¢°’”‰′″℃、
$([\{£¥
$([\{£¥
ms:Word Work File A 8

'YŒT0u][P[
'YŒT0u][P[
Unknown
Unknown
'YŒT0u][P[
'YŒT0u][P["
"OS9 J:Desktop Folder:SFXFC51-E.doc
'YŒT0u][P[(
(OS9 J:Temporary Ite
$([\{£¥
$([\{£¥‘“ 〈《「
'YŒT0u][P[
'YŒT0u][P[
Symbol
Symbol
!%),.:;?]}¢°
!%),.:;?]}¢°’”‰′″℃、
nies referred to in 1. above, exclusive of the business entity listed in Schedule 5, upon the person/s who should be awarded with any of the comprehensive civil engineering or building construction projects (including those to be ordered in the name of the Ministry of Defense upon the abolishment of the Defense Facilities Administration Agency) ordered by the Defense Facilities Administration Agency through its local defense facilities sub-agencies (including their defense facilities branch offices) by way of competitive bidding, and, shall, instead, independently engage in order receiving activities.

Attachment:
- Cease and Desist Order (2007 (SO) No. 11)

nies referred to in 1. above, exclusive of the business entity listed in Schedule 5, upon the person/s who should be awarded with any of the comprehensive civil engineering or building construction projects (including those to be ordered in the name of the Ministry of Defense upon the abolishment of the Defense Facilities Administration Agency) ordered by the Defense Facilities Administration Agency through its local defense facilities sub-agencies (including their defense facilities branch offices) by way of competitive bidding, and, shall, instead, independently engage in order receiving activities.

Attachment:
- Cease and Desist Order (2007 (SO) No. 11)
DocumentSummaryInformation
DocumentSummaryInformation
CompObj
CompObj
ObjectPool

'YŒT0u][P[
Microsoft Word •¶ ‘
Word.Document.8
_PID_GUID
{7786E900-25C8-11DD-841A-0005020EF727}
{7786E900-25C8-11DD-841A-0005020EF727}
Normal
Microsoft Word 8.0
fĀed in Schedule 1, exclusive of this Company, and the 4 companies listed in Schedule 2, Schedule 3 and Schedule 4 of the Cease and Desist Order No. 11, upon the person/s who should be awarded with (hereinafter referred to as the

ed in Schedule 1, exclusive of this Company, and the 4 companies listed in Schedule 2, Schedule 3 and Schedule 4 of the Cease and Desist Order No. 11, upon the person/s who should be awarded with (hereinafter referred to as the "person/s intended for an award/s") and assisting such person/s intended for an award/s to be actually awarded with the construction projects ordered in 2004 and thereafter listed in the attachment to the aforementioned Cease and Desist Order;

at the Board of Directors meeting held on July 23, 2007,2007 (SO) .

2. Our company shall not, in the future, decide, in concert with the 54 companies of the 55 compa

at the Board of Directors meeting held on July 23, 2007,2007 (SO) .

2. Our company shall not, in the future, decide, in concert with the 54 companies of the 55 compa

[draft translation]

August 29, 2007

To: Employees

Company name: Toa Kensetsu[Construction] Company, Ltd.
Name of representative: Yukio Suzuki [seal]
Representative Director

Notice pursuant to Cease and Desist Order by Fair Trade Commission

Our company received a Cease and Desist Order 2007 (SO) No. 11 from the Fair Trade Commission dated June 20, 2007 stating that the conduct referred to in the said Cease and

[draft translation]

August 29, 2007

To: Employees

Company name: Toa Kensetsu[Construction] Company, Ltd.
Name of representative: Yukio Suzuki [seal]
Representative Director

Notice pursuant to Cease and Desist Order by Fair Trade Commission

Our company received a Cease and Desist Order 2007 (SO) No. 11 from the Fair Trade Commission dated June 20, 2007 stating that the conduct referred to in the said Cease and

Microsoft Word •¶ ‘
Word.Document.8
_PID_GUID
{7786E900-25C8-11DD-841A-0005020EF727}
{7786E900-25C8-11DD-841A-0005020EF727}
Normal
Microsoft Word 8.0
d Desist Order 2007 (SO) No. 11 dated June 20, 2007,
”
d Desist Order 2007 (SO) No. 11 dated June 20, 2007,
”
[draft translation]

August 29, 2007

To: Employees

Company name: Toa Kensetsu[Construction] Company, Ltd.
Name of representative: Yukio Suzuki [seal]
Representative Director

Notice pursuant to Cease and Desist Order by Fair Trade Commission

Our company received a Cease and Desist Order 2007 (SO) No. 11 from the Fair Trade Commission dated June 20, 2007 stating that the conduct referred to in the said
Cease and 3
our company
our company
Kogyo
Kogyo

# ATTACHMENT 6

'YŒT0u][P[K
KOS9 J:Desktop Folder:WORK 104 05/19/08-:Perkins Coie 05/19/08:SFXFC5E-E.doc
Times New Roman
Times New Roman
Symbol
Symbol
!%),.:;?]}¢°
!%),.:;?]}¢°’”‰′″℃、
$([\{£¥
$([\{£¥‘“ 〈 《 「
and Desist Order

We wish to implement a method of notice to the business entities that received the cease and desist order and to the City of Nagoya and a method of keeping our employees thoroughly informed pursuant to Paragraph 2 of the text of the Cease and Desist Order 2007 (SO) No. 15 and certain measures necessary to implement the preventive measures pursuant to Paragraph 4 of the text of the said Cease and Desist Order as follows, and your approval is hereby applied for.

1. Method of notice to the business entities that received the cease and desist order of Paragraph 2 of the text of the Cease and Desist Order 2007 (SO) No. 15:

To send a letter of notice to the business entities that received the cease and desist order by mail with recorded delivery.
The sender thereof shall be Representative Director, a draft letter is as per Exhibit 1, the addresses of respective recipients are as per Exhibit 2, and the timing of the notice shall be within 15 days of your Commission's approval.

2. Method of notice to the City of Nagoya pursuant to Paragraph 2 of the text of the Cease and Desist Order 2007 (SO) No. 15:
To send a letter of notice to the City of Nagoya by mail with recorded delivery.
The sender thereof shall be Representative Director, a draft letter is as per Exhibit 3 and the timing of the notice shall be within 15 days of your Commission's approval.

3. Method of keeping our employees thoroughly informed as per Paragraph 2 of the text of the Cease and Desist Order:

To disseminate a letter of information to the employees (1,801 individuals) of our company to keep them thoroughly informed.
The sender of the letter shall be Yukio Suzuki, Representative Director, a draft letter is as per Exhibit 4, the employees to be thoroughly informed are as per Exhibit 5, and the timing of the information shall be within 15 days of your Commission's approval.

4. Measures necessary to implement the preventive measures as per Paragraph 4 (2) of the text of the Cease and Desist Order:

To plan and implement
To tak
'YŒT0u][P[
'YŒT0u][P[
DocumentSummaryInformation
DocumentSummaryInformation
CompObj
CompObj
ObjectPool
ObjectPool
0Table
0Table
"OS9 J:Desktop Folder:SFXFC5E-E.doc
'YŒT0u][P[*
*OS9 J:Temporary Items:Word Work File A 598
'YŒT0u][P[K
KOS9 J:Desktop Folder:WORK 104 05/19/08-:Perkins Coie 05/19/08:SFXFC5E-E.doc
'YŒT0u][P[K
KOS9 J:Desktop Folder:WORK 104 05/19/08-:Perkins Coie 05/19/08:SFXFC5E-E.doc
'YŒT0u][P[K
KOS9 J:Desktop Folder:WORK 104 05/19/08-:Perkins Coie 05/19/08:SFXFC5E-E.doc
'YŒT0u][P[K
KOS9 J:Desktop Folder:WORK 104 05/19/08-:Perkins Coie 05/19/08:SFXFC5E-E.doc
Times New Roman
Times New Roman
Symbol
Symbol
!%),.:;?]}¢°
!%),.:;?]}¢°’”‰′″℃、
$([\{£¥
$([\{£¥‘“〈《「
'YŒT0u][P[
'YŒT0u][P[
Microsoft Word •¶ ‘
Word.Document.8
_PID_GUID
{7786E901-25C8-11DD-841A-0005020EF727}
{7786E901-25C8-11DD-841A-0005020EF727}
Normal
Microsoft Word 8.0
e and implement necessary measure as per Exhibit 5 with respect to (1) through (4):
(1) Drafting or review of conduct guidelines concerning Anti-Trust Law compliance relative to receiving orders from government or public agencies;
(2) Periodic training of the executives in charge of sales and marketing and sales and marketing managers or sales and marketing personnel for comprehensive civil engineering or building construction projects ordered by the Defense Facilities

Administration Agency through its local defense facilities sub-agencies by way of competitive bidding, addressing Anti-Trust Law compliance relative to receiving orders from government or public agencies, and periodic auditing by legal personnel;
(3) Preparation or review of company regulations concerning the disposition of the executives, employees, etc., who were involved in Anti-Trust Law violation;
(4) Establishment or review of intracompany reporting system and intracompany investigation system that have practical effects, such as immunity given to informers on Anti-Trust Law violation, those subjected to intracompany investigation, etc.

Attachments:

1. Draft letter of notice to be sent to the business entities that received cease and desist order (one letter): Exhibit 1
2. List of business entities to be notified Exhibit 2
3. Draft letter of information to be disseminated to employees (Cease and Desist Order to be attached as attachment) Exhibit 3
4. List of employees to be informed Exhibit 4
5. Draft implementation plan of preventive measures Exhibit 5

Times New Roman
Times New Roman
Symbol
Symbol
!%),.:;?]}¢°
!%),.:;?]}¢°’”‰′″℃、
$([\{£¥
$([\{£¥‘“〈《「
'YŒT0u][P[
'YŒT0u][P[
Microsoft Word •¶ ‘
Word.Document.8
_PID_GUID
{7786E901-25C8-11DD-841A-0005020EF727}
{7786E901-25C8-11DD-841A-0005020EF727}
Normal
Microsoft Word 8.0
to be Taken
thorough information pursuant to Paragraph 2 of the text of the Cease and Desist Order 2007 (SO) No. 15 and the measures to be taken pursuant to Paragraph 4 of the same applied for approval on January 18, 2008 are hereby approved.

Fair Trade Commission
to be Taken
thorough information pursuant to Paragraph 2 of the text of the Cease and Desist Order 2007 (SO) No. 15 and the measures to be taken pursuant to Paragraph 4 of the same applied for approval on January 18, 2008 are hereby approved.

Fair Trade Commission
Unknown
Unknown
'YŒT0u][P[
'YŒT0u][P["
"OS9 J:Desktop Folder:SFXFC5E-E.doc
'YŒT0u][P[*
*OS9 J:Temporary Items:Word Work File A 598
'YŒT0u][P[K
KOS9 J:Desktop Folder:WORK 104 05/19/08-:Perkins Coie 05/19/08:SFXFC5E-E.doc
'YŒT0u][P[K
KOS9 J:Desktop Folder:WORK 104 05/19/08-:Perkins Coie 05/19/08:SFXFC5E-E.doc
'YŒT0u][P[K
KOS9 J:Desktop Folder:WORK 104 05/19/08-:Perkins Coie 05/19/08:SFXFC5E-E.doc
'YŒT0u][P[K
KOS9 J:Desktop Folder:WORK 104 05/19/08-:Perkins Coie 05/19/08:SFXFC5E-E.doc
necessary measures as per Exhibit 6 with respect to periodic training of the in charge of the sales and marketing City of Nagoya for such projects
necessary measures as per Exhibit 6 with respect to periodic training of the in charge of the sales and marketing City of Nagoya for such projects
dic auditing by legal personnel.

3. Draft letter of notice to be sent to the City of Nagoya (:
Exhibit 3445566
dic auditing by legal personnel.

3. Draft letter of notice to be sent to the City of Nagoya (:
Exhibit 3445566

KOSHIN No. 57
February 1, 2008

To: Mr. Yukio Suzuki, Representative Director
Toa Kensetsu[Construction] Company, Ltd

Fair Trade Commission [seal]

Approval of Method of Notice, etc. and Measures Pursuant to Cease and Desist Order

The method of notice and the method of

KOSHIN No. 57
February 1, 2008

To: Mr. Yukio Suzuki, Representative Director
Toa Kensetsu[Construction] Company, Ltd

Fair Trade Commission [seal]

Approval of Method of Notice, etc. and Measures Pursuant to Cease and Desist Order

The method of notice and the method of

Times New Roman
Times New Roman
Symbol
Symbol
!%),.:;?]}¢°
!%),.:;?]}¢°’”‰′″℃、
$([\{£¥
$([\{£¥‘“〈《「
'YŒT0u][P[
'YŒT0u][P[
by mail with recorded delivery
,::::
by mail with recorded delivery
,::::
[draft translation]

[stamp: Fair Trade Commission Secretariat; Received on 1.18.2008; No. ]

January 18, 2008

To: Fair Trade Commission

Address: 5-banchi, Yonban-cho, Chiyoda-ku, Tokyo-to
Company name: Toa Kensetsu[Construction] Company, Ltd.

Representative

[draft translation]

[stamp: Fair Trade Commission Secretariat; Received on 1.18.2008; No. ]

January 18, 2008

To: Fair Trade Commission

Address: 5-banchi, Yonban-cho, Chiyoda-ku, Tokyo-to
Company name: Toa Kensetsu[Construction] Company, Ltd.
Representative's name: Yukio Suzuki [seal]
Representative Director

Re: Application for Approval of Method of Notice, etc. and Measures pursuant to Cease
Kensetsu Kogyo
[draft translation]

[stamp: Fair Trade Commission Secretariat; Received on 1.18.2008; No. ]

January 18, 2008

To: Fair Trade Commission

Address: 5-banchi, Yonban-cho, Chiyoda-ku, Tokyo-to
Company name: Toa Kensetsu[Construction] Company, Ltd.
Representative

[draft translation]

[stamp: Fair Trade Commission Secretariat; Received on 1.18.2008; No. ]

January 18, 2008

To: Fair Trade Commission

Address: 5-banchi, Yonban-cho, Chiyoda-ku, Tokyo-to
Company name: Toa Kensetsu[Construction] Company, Ltd.
Representative's name: Yukio Suzuki [seal]
Representative Director

Re: Application for Approval of Method of Notice, etc. and Measures pursuant to Cease

name: Yukio Suzuki [seal]
Representative Director

Re: Application for Approval of Method of Notice, etc. and Measures pursuant to Cease
ü▪ þ▪
to be Taken
Kogyo
Kogyo
Kensetsu Kogyo
Kensetsu Kogyo

# ATTACHMENT 7

Unknown
'YŒT0u][P[
'YŒT0u][P["
"OS9 J:Desktop Folder:SFXFC53-E.doc
'YŒT0u][P[(
(OS9 J:Temporary Items:Word Work File A 8
'YŒT0u][P[(
(OS9 J:Temporary Items:Word Work File A 8
'YŒT0u][P[(
(OS9 J:Temporary Items:Word Work File A 8
'YŒT0u][P[(
(OS9 J:Temporary Items:Word Work File A 8
'YŒT0u][P[+
+OS9 J:Temporary Items:Word Work File A 2038
'YŒT0u][P[K
KOS9 J:Desktop Folder:WORK 104 05/19/08-:Perkins Coie 05/19/08:SFXFC53-E.doc
'YŒT0u][P[K
KOS9 J:Desktop Folder:WORK 104 05/19/08-:Perkins Coie 05/19/08:SFXFC53-E.doc
'YŒT0u][P[K
KOS9 J:Desktop Folder:WORK 104 05/19/08-:Perkins Coie 05/19/08:SFXFC53-
E.doc• 考
'姘呟畝子孋OS9 J:Desktop Folder:WORK 104 05/19/08-:Perkins Coie
05/19/08:SFXFC53-E.docÿ• 老
Times New Roman
Times New Roman
Symbol
Symbol
!%),.:;?]}¢°
!%),.:;?]}¢°’”‰′″℃、
$([\{£¥
$([\{£¥“ 〈 《 「
'YŒT0u][P[
'YŒT0u][P[
Microsoft Word •¶ ‘
Word.Document.8
_PID_GUID
{56C6ioned matter, as was per the President
{56C6ioned matter, as was per the President's Circular dated February 15, 2008, it has been decided to obtain a written oath in the form attached hereto from each of the employees to whom the Company Employment Regulations are applicable.
You are hereby requested to make the Company Employment Regulations, etc., attached hereto thoroughly known in your branch office, business department or departmental office, whichever is applicable, organize all the forms from the applicable subjects, confirm the contents and submit them to us in the manner described below.

Subjects: Employees who are working at your branch office, business department or

departmental office as of the date of obtaining written oaths from them (including special-status employees, consultants and contracted personnel, but excluding temps dispatched by agencies and part-time workers)
Those temporarily sent to other branch offices for support purposes should be handled by the respective branch offices. Those temporarily seconded to other companies should be handled by the respective companies.
* You should refer to the list of subject employees which will be sent to you separately from the Human Affairs Administration Office.

Completion of the form: Each employee must enter his/her employee number, position and name in his/her own handwriting. (Allograph and pre-printing of names are not accepted.)

Submit to: Head Office Compliance Committee Secretariat
(General Affairs Department Legal Section)
Deadline for submission: March 28, 2008

Questions: Head Office Compliance Committee Secretariat
(General Affairs Department Legal Section 03-3262-5102 Ext. 2227, 2228, 2231)
* Questions regarding the Company Employment Regulations:
Human Resources Department 03-3262-5104

Attachments: (1) President's Circular dated February 15, 2008
(2) Amended Intracompany Disposition Policy (draft)
(3) Amended Company Employment Regulations (draft), etc.
(4) Form of Written Oath

End

8F80-25D8-11DD-841A-0005020EF727}
8F80-25D8-11DD-841A-0005020EF727}
Normal
Microsoft Word 8.0
Times New Roman
Times New Roman
Symbol
Symbol
!%),.:;?]}¢°
!%),.:;?]}¢°’”‰′″℃、
$([\{£¥
$([\{£¥‘“〈《「
'YŒT0u][P[
'YŒT0u][P[
Microsoft Word •¶ ‘
Word.Document.8
_PID_GUID
{56C68F80-25D8-11DD-841A-0005020EF727}

{56C68F80-25D8-11DD-841A-0005020EF727}
Normal
Microsoft Word 8.0
be handled by theompliance Committee Secretariat
RevisedRevised
be handled by theompliance Committee Secretariat
RevisedRevised
[draft translation]
February 15, 2008
To: General Manager of each branch office
Administrative Manager of each branch office
General Manager of each business department
Head of each business department administrative office
Head of departmental office of Head Office
From: Head Office Compliance Committee Chairman

Re: Submission of
[draft translation]
February 15, 2008
To: General Manager of each branch office
Administrative Manager of each branch office
General Manager of each business department
Head of each business department administrative office
Head of departmental office of Head Office
From: Head Office Compliance Committee Chairman

Re: Submission of "Written Oath" concerning violation of laws and regulations

Regarding the above-capt
†concerning violation of laws and regulations

Regarding the above-captî
[draft translation]
February 15, 2008
To: General Manager of each branch office
Administrative Manager of each branch office
General Manager of each business department
Head of each business department administrative office
Head of departmental office of Head Office
From: Head Office Compliance Committee Chairman

Re: Submission of
[draft translation]
February 15, 2008
To: General Manager of each branch office
Administrative Manager of each branch office

General Manager of each business department
Head of each business department administrative office
Head of departmental office of Head Office

From: Head Office Compliance Committee Chairman

Re: Submission of "Written Oath" concerning violation of laws and regulations

Regarding the above-capt

# ATTACHMENT 8

Unknown
'YŒT0u][P[
'YŒT0u][P["
"OS9 J:Desktop Folder:SFXFC53-E.doc
'YŒT0u][P[(
(OS9 J:Temporary Items:Word Work File A 8
'YŒT0u][P[(
(OS9 J:Temporary Items:Word Work File A 8
'YŒT0u][P[(
(OS9 J:Temporary Items:Word Work File A 8
'YŒT0u][P[(
(OS9 J:Temporary Items:Word Work File A 8
'YŒT0u][P[+
+OS9 J:Temporary Items:Word Work File A 2038
'YŒT0u][P[K
KOS9 J:Desktop Folder:WORK 104 05/19/08-:Perkins Coie 05/19/08:SFXFC53-E.doc
'YŒT0u][P[K
KOS9 J:Desktop Folder:WORK 104 05/19/08-:Perkins Coie 05/19/08:SFXFC53-E.doc
'YŒT0u][P[K
KOS9 J:Desktop Folder:WORK 104 05/19/08-:Perkins Coie 05/19/08:SFXFC53-E.doc• 考
'姘呟畝孑孋OS9 J:Desktop Folder:WORK 104 05/19/08-:Perkins Coie 05/19/08:SFXFC53-E.docÿ• 老
Times New Roman
Times New Roman
Symbol
Symbol
!%),.:;?]}¢°
!%),.:;?]}¢°’”‰′″℃、
$([\{£¥
$([\{£¥‘“〈《「
'YŒT0u][P[
'YŒT0u][P[
Microsoft Word •¶ ‘
Word.Document.8
_PID_GUID
{56C6ioned matter, as was per the President
{56C6ioned matter, as was per the President's Circular dated February 15, 2008, it has been decided to obtain a written oath in the form attached hereto from each of the employees to whom the Company Employment Regulations are applicable.

You are hereby requested to make the Company Employment Regulations, etc., attached hereto thoroughly known in your branch office, business department or departmental office, whichever is applicable, organize all the forms from the applicable subjects, confirm the contents and submit them to us in the manner described below.

Subjects: Employees who are working at your branch office, business department or

departmental office as of the date of obtaining written oaths from them (including special-status employees, consultants and contracted personnel, but excluding temps dispatched by agencies and part-time workers)
Those temporarily sent to other branch offices for support purposes should be handled by the respective branch offices. Those temporarily seconded to other companies should be handled by the respective companies.
* You should refer to the list of subject employees which will be sent to you separately from the Human Affairs Administration Office.

Completion of the form: Each employee must enter his/her employee number, position and name in his/her own handwriting. (Allograph and pre-printing of names are not accepted.)

Submit to: Head Office Compliance Committee Secretariat
(General Affairs Department Legal Section)
Deadline for submission: March 28, 2008

Questions: Head Office Compliance Committee Secretariat
(General Affairs Department Legal Section 03-3262-5102 Ext. 2227, 2228, 2231)
* Questions regarding the Company Employment Regulations:
Human Resources Department 03-3262-5104

Attachments: (1) President's Circular dated February 15, 2008
(2) Amended Intracompany Disposition Policy (draft)
(3) Amended Company Employment Regulations (draft), etc.
(4) Form of Written Oath

End

8F80-25D8-11DD-841A-0005020EF727}
8F80-25D8-11DD-841A-0005020EF727}
Normal
Microsoft Word 8.0
Times New Roman
Times New Roman
Symbol
Symbol
!%),.:;?]}¢°
!%),.:;?]}¢°’”‰′″℃、
$([\{£¥
$([\{£¥‘“〈《「
'YŒT0u][P[
'YŒT0u][P[
Microsoft Word •¶ ‘
Word.Document.8
_PID_GUID
{56C68F80-25D8-11DD-841A-0005020EF727}

{56C68F80-25D8-11DD-841A-0005020EF727}
Normal
Microsoft Word 8.0
be handled by theompliance Committee Secretariat
RevisedRevised
be handled by theompliance Committee Secretariat
RevisedRevised
[draft translation]
February 15, 2008
To: General Manager of each branch office
Administrative Manager of each branch office
General Manager of each business department
Head of each business department administrative office
Head of departmental office of Head Office
From: Head Office Compliance Committee Chairman

Re: Submission of
[draft translation]
February 15, 2008
To: General Manager of each branch office
Administrative Manager of each branch office
General Manager of each business department
Head of each business department administrative office
Head of departmental office of Head Office
From: Head Office Compliance Committee Chairman

Re: Submission of "Written Oath" concerning violation of laws and regulations

Regarding the above-capt
†concerning violation of laws and regulations

Regarding the above-captî
[draft translation]
February 15, 2008
To: General Manager of each branch office
Administrative Manager of each branch office
General Manager of each business department
Head of each business department administrative office
Head of departmental office of Head Office
From: Head Office Compliance Committee Chairman

Re: Submission of
[draft translation]
February 15, 2008
To: General Manager of each branch office
Administrative Manager of each branch office

General Manager of each business department
Head of each business department administrative office
Head of departmental office of Head Office
From: Head Office Compliance Committee Chairman

Re: Submission of "Written Oath" concerning violation of laws and regulations

Regarding the above-capt

# ATTACHMENT 9

February 29, 2008

Attn: Mr. Yukio Suzuki
Representative Director and President
Toa Corporation

Employee ID No. : 006430
Section : Contract Section, Business Development Dept.
International Division
Name : Atsushi ANDO (sign and seal)

OATH:

1. I shall abide by Regulation of Employee, Corporate Activity Guidelines of Toa Corporation Group and any other rules from time to time the Company stipulates and shall perform my duties faithfully as an employee of the Company.

2. I make an oath that I shall not conduct any act violating "Act concerning Prohibition of Private Monopolization and Maintenance of Fair Trade" and any other laws and regulations which I shall abide by.

3. I understand that if I make a breach of any of this oath, I could be punished strictly in accordance with the Regulation of Employee including disciplinary dismissal.

End of oath.

平成２０年 2 月 29 日

東亜建設工業株式会社
代表取締役社長　鈴　木　行　雄　　殿

社員番号　006430
所　　属　国際事業部 営業部 営業2課

(ふりがな)　あんどう あつし
氏　　名　安藤烈　(印)

# 誓　約　書

１．私は、従業員就業規則、東亜建設工業グループ「企業行動規範」、並びに会社が定める諸規定を遵守し、社員として誠実に職務を履行致します。

２．私は、私的独占の禁止及び公正取引の確保に関する法律、その他の遵守すべき法令に違反する行為を一切行わないことを誓います。

３．私は、本書各項に反した場合には、従業員就業規則の定めに従い、懲戒解雇を含む厳重な処分を受けることがある旨を理解します。

以　上

# ATTACHMENT 10

SFXFC57-E.doc
W8BNMSWD
Root Entry
1Table
1Table
WordDocument
WordDocument
SummaryInformation
SummaryInformation
DocumentSummaryInformation
DocumentSummaryInformation
CompObj
CompObj
0Table
0Table
ntracompany disposition as it should be to be fairly and strictly applied to the executives and employees who were involved in acts in violation of the Prohibition of Private Monopolization and Maintenance of Fair Trade Act and other laws and regulations to be complied with.

Partial revision of Company Employment Regulations

(1) Revision

Company Employment Regulations Chapter 2 Human Affairs Section 5 Commendation and Disciplinary Actions Article 24 (Disciplinary Actions) and Article 26 (Disciplinary Dismissal) are revised as follows:

Article 24 (Disciplinary Actions)

Current:
Depending upon its extent, a disciplinary action shall be classified into reprimand, reduced pay, suspension of coming to work, dismissal from position, suspension of pay increase, demotion and disciplinary dismissal, and shall be determined as follows:

Revised:
Depending upon its extent, a disciplinary action shall be classified into reprimand, reduced pay, suspension of coming to work, dismissal from position, suspension of pay increase, demotion, recommended resignation and disciplinary dismissal and shall be determined as follows:

Item 7 to be added:
Item 7 Recommended Resignation: In addition to reprimand, resignation shall be recommended. Disciplinary dismissal shall follow in the event of no submittal of a letter of resignation within 7 days (including holidays) of the recommendation.

Article 26 (Disciplinary Dismissal)

Current:
Disciplinary dismissal shall be applied in the event of any one of the following items, provided, however, that reduced pay, suspension of coming to work, dismissal from position, suspension of pay increase or demotion may be applied under certain extenuating circumstances:

Item 9 In the event of violation of any law or regulation to be complied with and subsequent penalization, causing to significantly damage the company's reputation.

Revised:
Disciplinary dismissal shall be applied in the event of any one of the following items, provided, however, that reduced pay, suspension of coming to work, dismissal from position, suspension of pay increase, demotion or recommended resignation may be applied under certain extenuating circumstances:

Item 9 In the event that an act should be found to be in violation of the Prohibition of Private Monopolization and Maintenance of Fair Trade Act and other laws and regulations to be complied with, or in the event that the company or the subject individual should receive administrative disposition or criminal disposition, causing to significantly damage the company's reputation.

Supplementary explanation:

Addition of "recommended resignation" to Article 24:

Disciplinary dismissal is subject to the limitation on the company retirement pension benefit set forth in the Employees Retirement Pension Policy (Article 12 Paragraph 3).
- The current Company Employment Regulations set forth "disciplinary dismissal" as the disciplinary action more serious than "demotion," resulting in a big gap in between.
- The disposition policy applied to executives (the President's Order) provides for "recommendation of resignation" as the most serious disposition, but no disciplinary policy exists to recommend resignation to employees.
For the above reasons, it has been decided to add "recommended resignation" between "demotion" and "disciplinary dismissal."
Additionally, no limitation on the company retirement pension benefit will be imposed on the disposition of "recommended resignation" if a letter of resignation is submitted by a prescribed deadline following the recommendation of resignation.

(2) Effective date:

March 31, 2008

End
Unknown

SummaryInformation
Unknown
Unknown
'YŒT0u][P[
'YŒT0u][P["
"OS9 J:Desktop Folder:SFXFC57-E.doc
'YŒT0u][P[+
+OS9 J:Temporary Items:Word Work File A 4038
'YŒT0u][P[+
+OS9 J:Temporary Items:Word Work Fil
'姘呟畝子嫊OS9 J:Temporary Items:Word Work File
0 2 3
$([\{£¥
$([\{£¥‘“ 〈《「
'YŒT0u][P[
'YŒT0u][P[
Microsoft Word •¶ ‘
Word.Document.8
_PID_GUID
{56C68F81-25D8-11DD-841A-0005020EF727}
{56C68F81-25D8-11DD-841A-0005020EF727}
Normal
Microsoft Word 8.0
[draft translation]
March 17, 2007

To: Executives

From: President

Re: Maintenance of Intracompany Disposition Policy

Regarding the above-captioned matter, after receiving a cease and desist order (administrative disposition) dated June 20, 2007, from the Fair Trade Commission pursuant to the Prohibition of Private Monopolization and Maintenance of Fair Trade Act (hereinafter referred to as the "Anti-Trust Law") concerning certain construction projects ordered by the Defense Facilities Administration Agency, we filed an application for [the approval of?] preventive measures with the said Committee, and our application was approved on August 28, 2007.
Based on the above, it is hereby notified that the intracompany disposition policy applicable to the executives and employees who were involved in acts in violation of the Anti-Trust Law and other laws and regulations to be complied with (hereinafter referred to as the "Anti-Trust Law, etc.") are prescribed as follows:

1. Disposition Policy

(1) Employees: The Company Employment Regulations Article 24 (Disciplinary Actions) and Article 26 (Disciplinary Dismissal) shall be revised as per attachment (effective March 31, 2008).

(2) Executives: The above Company Employment Regulations shall also be applicable and, depending upon the extent and the mode of the subject act, one of the following shall apply:

(1) Reduced compensation
(2) Suspension of coming to work
(3) Removal from executive position
(4) Demotion (change in executive position)
(5) Recommendation of resignation

2. Implementation Method

(1) The Compliance Committee will investigate the subject act and if any act is found to be in violation of the Anti-Trust Law, etc., the said Committee will notify the Review Committee of the fact and the need for appropriate disposition.
(2) The Review Committee will deliberate on the fact reported to it and determine a disposition proposal based on the aforementioned Disposition Policy.
(3) The President will make a decision on the disposition proposal submit

t A 2766
'YŒT0u][P[+
+OS9 J:Temporary Items:Word Work File A 1382
'YŒT0u][P[K
KOS9 J:Desktop Folder:WORK 104 05/19/08-:Perkins Coie 05/19/08:SFXFC57-E.doc
Times New Roman
Times New Roman
Symbol
Symbol
!%),.:;?]}¢°
!%),.:;?]}¢°’”‰′″℃、
$([\{£¥
$([\{£¥‘“ 〈《「
'YŒT0u][P[
'YŒT0u][P[
DocumentSummaryInformation
DocumentSummaryInformation
CompObj
CompObj
0Table
0Table
!%),.:;?]}¢°
!%),.:;?]}¢°’”‰′″℃、
$([\{£¥

$([\{£¥"" 〈 《 「
'YŒT0u][P[
'YŒT0u][P[
Microsoft Word •¶ '
Word.Document.8
_PID_GUID
{56C68F81-25D8-11DD-841A-0005020EF727}
{56C68F81-25D8-11DD-841A-0005020EF727}
Normal
Microsoft Word 8.0

[draft translation]
March 17, 2007

To: Executives

From: President

Re: Maintenance of Intracompany Disposition Policy

Regarding the above-captioned matter, after receiving a cease and desist order (administrative disposition) dated June 20, 2007, from the Fair Trade Commission pursuant to the Prohibition of Private Monopolization and Maintenance of Fair Trade Act (hereinafter referred to as the "Anti-Trust Law") concerning certain construction projects ordered by the Defense Facilities Administration Agency, we filed an application for [the approval of?] preventive measures with the said Committee, and our application was approved on August 28, 2007.
Based on the above, it is hereby notified that the intracompany disposition policy applicable to the executives and employees who were involved in acts in violation of the Anti-Trust Law and other laws and regulations to be complied with (hereinafter referred to as the "Anti-Trust Law, etc.") are prescribed as follows:

1. Disposition Policy

(1) Employees: The Company Employment Regulations Article 24 (Disciplinary Actions) and Article 26 (Disciplinary Dismissal) shall be revised as per attachment (effective March 31, 2008).

(2) Executives: The above Company Employment Regulations shall also be applicable and, depending upon the extent and the mode of the subject act, one of the following shall apply:

(1) Reduced compensation
(2) Suspension of coming to work
(3) Removal from executive position
(4) Demotion (change in executive position)
(5) Recommendat

ion of resignation

2. Implementation Method

(1) The Compliance Committee will investigate the subject act and if any act is found to be in violation of the Anti-Trust Law, etc., the said Committee will notify the Review Committee of the fact and the need for appropriate disposition.
(2) The Review Committee will deliberate on the fact reported to it and determine a disposition proposal based on the aforementioned Disposition Policy.
(3) The President will make a decision on the disposition proposal submitted by the Review Committee.
(4) The disposition of an executive stricter than the removal from his/her position will be submitted to the Board of Directors for its resolution.
End
[draft translation]
ROTSU No. 118-15
March 31, 2008

To: Branch Manager
International Business Department Manager
Metropolitan Area Building Construction Business Department Manager
Toa Kensetsu Kogyo Labor Union Central Executive Committee Chairman

From: Human Resources Department Manager

Re: Revision of Intracompany Disposition Policy (partial revision of Company Employment Regulations)

Regarding the above-captioned matter, the preventive measures applied for approval of the Fair Trade Commission after receiving administrative disposition from the same Commission concerning certain construction projects ordered by the Defense Facilities Administration Agency have been approved.

Based on the above, it is hereby notified that the intracompany disposition policy has been revised as follows for the purpose of clarifying the i
Unknown
Unknown
'YŒT0u][P[
'YŒT0u][P["
"OS9 J:Desktop Folder:SFXFC57-E.doc
'YŒT0u][P[+
+OS9 J:Temporary Items:Word Work File A 4038
'YŒT0u][P[+
+OS9 J:Temporary Items:Word Work File A 2766
'YŒT0u][P[+
+OS9 J:Temporary Items:Word Work File A 1382
Times New Roman

Times New Roman
Symbol
Symbol
eted by the Review Committee.
(4) The disposition of an executive stricter than the removal from his/her position will be submitted to the Board of Directors for its resolution.
End
[draft translation]
ROTSU No. 118-15
March 31, 2008

To: Branch Manager
International Business Department Manager
Metropolitan Area Building Construction Business Department Manager
Toa Kensetsu Kogyo Labor Union Central Executive Committee Chairman

From: Human Resources Department Manager

Re: Revision of Intracompany Disposition Policy (partial revision of Company Employment Regulations)

Regarding the above-captioned matter, the preventive measures applied for approval of the Fair Trade Commission after receiving administrative disposition from the same Commission concerning certain construction projects ordered by the Defense Facilities Administration Agency have been approved.

Based on the above, it is hereby notified that the intracompany disposition policy has been revised as follows for the purpose of clarifying the i
CF-8053-00AA006009FA}
{8BD21D33-EC42-11CE-9E0D-00AA006002F3}
IMdcCombo
ProxyStubClsid
proper
proper

# ATTACHMENT 11

Cease and desist order, Penalty payment order, etc. Against Corporate Bidders for Civil Engineering and Construction Projects Commissioned by the Defense Facilities Administration Agency

June 22, 2007
Japan Fair Trade Commission

The Japan Fair Trade Commission (JFTC), in accordance with the provisions of the Antimonopoly Act (AMA), investigated the corporate bidders for specific civil engineering and construction projects (Note 1) commissioned by the Defense Facilities Administration Agency (DFAA) and found that they had committed an act in violation of the provision of Article 3 (Prohibition of Unreasonable Restraint of Trade) of the AMA. Accordingly, on June 20, 2007, the JFTC issued against the corporate bidders a cease and desist order pursuant to the provision in Paragraph 2, Article 7 of the AMA and a surcharge payment order pursuant to the provision in Paragraph 1, Article 7-2 of the AMA as detailed in Part I below.

In connection with the aforementioned violation, it was found that some personnel of the DFAA had been involved in bid riggings. On June 20, 2007, the JFTC notified this fact to the DFAA and another institution as detailed in Part II.

(Note 1) Refers to any comprehensive civil engineering or construction project that is commissioned by the DFAA through its regional branch, namely a Defense Facilities Administration Bureau (including Defense Facilities Administration Branches under the control of the Defense Facilities Administration Bureau) in the manners of general competitive bidding, public offering type of designated competitive bidding with enhanced competitiveness, public offering type of designated competitive bidding or designated competitive bidding (including a case in which the winner of a contract is determined on the basis of quotations collected from bidders participating in a bid that was unsuccessful because of the absence of a bidding price below the target price set by a procurement agency) and that falls under any of the following:

1. The estimated construction cost is 500 million yen or more.
2. The estimated construction cost is 300 million yen or more without exceeding 500 million yen and the project is concerned with any facility of special importance, which refers to any fuel facility, oil storage facility and other storage facility for comprehensive civil engineering projects, or to an agency or bureau building or a garage for comprehensive construction projects.
3. According to the eligibility criteria to participate in biddings, eligible bidders are required to have an overall assessment score of 1,150 or more as calculated pursuant to the provision in Paragraph 2, Article 29 of the Rules on the Contract under the Jurisdiction of the Cabinet Office. For any project in which bidding is open to joint ventures established for specific construction, any entrepreneur with the score of 1,150 or more may represent such a venture.

Part I Cease and Desist Order and Surcharge Payment Order

1. The numbers of corporations involved in the violation and corporations subject to the cease and desist order and to the surcharge payment order, and the amount of the surcharge

| Number of entrepreneurs in violation | Number of entrepreneurs subject to the cease and desist order | Number of entrepreneurs subject to the surcharge payment order | Amount of surcharge |
|---|---|---|---|
| 60 | 56 | 51 | 3,050,740,000 yen |

2. Outline of the violation

Concerning specific civil engineering and construction projects procured by the DFAA for which DFAA personnel had designated predetermined winners of bid (Note 2), liaison personnel in the industry side (Note 3) conveyed the designation to the predetermined winners of bid. The 60 entrepreneurs agreed that other entrepreneurs than the predetermined winners of bid would cooperate to ensure that the predetermined winners or joint ventures that the predetermined winners of bid joined as a member would receive the orders. Such a conduct, which is contrary to the public interest, substantially restrained competition in the field of specific civil engineering and construction projects commissioned by the DFAA.

(Note 2) Referring to the practice of designating a predetermined winner of bid in consideration of how many former DFAA and other personnel have been employed by the corporation, continuity of and relevance to the project with its past commissioned projects, its demonstrated aspiration to win orders, among other factors.

(Note 3) Referring to personnel of Kajima Corporation or Taisei Corporation at the rank of officer responsible for sales functions or to those of Obayashi Corporation at the rank of sales manager in the Chugoku region.

3. Outline of the cease and desist order

(1) The respective boards of directors of the 56 entrepreneurs shall adopt a resolution to confirm that they have stopped engaging in the conduct mentioned in 2 above.

(2) Fifty-five entrepreneurs, excluding one (Note 4) from the group of 56, shall each notify to the other 54 entrepreneurs the measures taken in accordance with (1) above and a statement that they will never engage in any similar conduct. The one remaining entrepreneur shall notify the measures taken in accordance with (1) above to the other 55 entrepreneurs. Moreover, each of the 56 entrepreneurs shall make their respective employees fully understood their measures taken in accordance with the cease and desist order.

(3) The 55 entrepreneurs shall not designate any predetermined winner of bid for any similar project among themselves or in collaboration with any other entrepreneur.

(4) The 55 entrepreneurs shall take measures necessary to implement what is described from a. to d. below.

a. Formulation or revision of action guidelines concerning the receipt of orders from the public sector for compliance with the AMA;

b. Regular training for sales personnel on compliance with the AMA regarding the receipt of orders from the public sector as well as implementation of periodic audits performed by legal affairs personnel;

c. Development or revision of regulations on disciplinary action against officers and employees involved in any violation of the AMA;

d. Establishment or revision of effective internal notification or investigation systems, including indemnification, etc. for those reporting any violation of the AMA and those subject to internal investigations.

(Note 4) Referring to an entrepreneur that has decided to hand over its construction-related business to another entrepreneur by means of absorption-type split.

4. Due date of surcharge payment

September 21, 2007

Part II Notification to the DFAA and another institution

1. Summary of the involvement in bid rigging

It has been recognized that former DFAA staff members committed the following acts in connection with the violation stated in 2 of Part I above:

(1) The Senior Planning Officer of the Construction Planning Division, the Construction Department of the DFAA (hereinafter referred to as "Senior Planning Officer") determined, prior to the bidding, an allocation of entrepreneurs to win bids for the following types of specific civil engineering and construction projects commissioned by the DFAA from fiscal 2004, under the instructions of the DFAA's Technical Councilor, the Director General of the DFAA's Construction Department and the Director of the Construction Planning Division (or the Facilities Inspection Officer, General Affairs Department of the DFAA on and after August 8, 2005), to ensure that construction firms hiring former DFAA personnel could continuously receive orders at stable order prices.

a. Projects deemed appropriate that entrepreneurs employing former DFAA personnel receive orders within the limit of their respective annual target order amount calculated in consideration of the positions and ages of the former DFAA personnel at the time of retirement.

b. Projects deemed appropriate that top-ranked construction firms should win the bid.

The allocation results were communicated directly to the retired DFAA personnel acting as liaisons (Note 5) or through particular ex-DFAA personnel playing a supporting role to them. The former DFAA personnel acting as liaisons conveyed the allocation results to the liaison staff on the industry side, who then, as necessary, communicated the results to the relevant personnel of the predetermined winners of bid through relevant personnel acting as assistants to them or through relevant personnel of any construction firm other than the predetermined winner of bid.

(2) In order to ensure that the predetermined winners receive the orders certainly, the Senior Planning Officer informed the relevant director of the Defense Facilities Administration Bureau, a regional branch of the DFAA, of the name of any project ordered through designated competitive bidding as well as the predetermined winner of bid for the project. The Senior Planning Officer also gave them instructions to ensure the predetermined winners of bid to be designated as participants in bids.

(Note 5) These personnel refer to particular ex-DFAA personnel who have served as technical councilor or in similar positions.

2. Applicable laws and articles and the notification

The acts of the former DFAA personnel as described in 1, above, fall under the provisions of Items 1, 2 and 4 in Paragraph 5, Article 2 of the Act Concerning Elimination and Prevention of Involvement in Bid Rigging, etc. (hereinafter, the "Involvement Prevention Act"). All the acts have been recognized as constituting involvement in bid rigging defined in the Involvement Prevention Act.

Meanwhile, the DFAA decided to take actions to remedy its bidding and other systems to prevent the recurrence of any involvement in bid rigging in accordance with the *Investigation of the DFAA's Bid Rigging Cases* dated June 15, 2006, prepared by the investigation board on the DFAA's bid rigging cases, and the *Report on Fundamental*

*Measures to Prevent a Recurrence of the DFAA's Bid Rigging* dated June 16, 2006, prepared by the study group on fundamental measures to prevent a recurrence of the DFAA's bid rigging cases. The DFAA announced this decision and briefed the JFTC. The DFAA introduced the remedial measures for bidding conducted from December 2006.

In light of this fact, the JFTC decided to refrain from requesting any remedial measures based on the provisions of the Involvement Prevention Act. On the other hand, to help the DFAA steadily implement the above-mentioned remedial actions and other measures, the JFTC notified the involvement in bid rigging stated in 1, above, to the DFAA.

The JFTC also notified the above mentioned facts on involvement in bid rigging to the Board of Audit of Japan for the purpose of ensuring elimination and prevention of any involvement in bid rigging.

Reference 1

Communication of Results of Allocation From Fiscal 2004

**Defense Facilities Administration Agency**

Technical Councilor, Director General of the Construction Department & Director of the Construction Planning Division (or Facilities Inspection Officer, General Affairs Department on and after August 8, 2005)

↓ Instructions

Senior Planning Officer, Construction Planning Division, Construction Department

↓ Report on the results of allocation (naming of a predetermined winner of bid)

**Former DFAA Personnel**

Former DFAA personnel acting as liaison
(Particular ex-DFAA personnel who once served as technical councilor and suchlike)

Particular former DFAA personnel playing a supporting role for them

↓ Report on the results of allocation (naming of a predetermined winner of bid)

**Liaison on the Industry Side**

[Comprehensive Civil Engineering Projects]
(Excluding those ordered by the Hiroshima Defense Facilities Administration Bureau)

Kajima Corporation's personnel with the rank of officers responsible for sales functions

[Comprehensive Construction Projects]
(Excluding those ordered by the Hiroshima Defense Facilities Administration Bureau)

Taisei Corporation's personnel with the rank of officers responsible for sales functions

[Projects Ordered by the Hiroshima Defense Facilities Administration Bureau]
(Limited to facilities located in the Chugoku region)

Obayashi Corporation's personnel with the rank of sales manager in the Chugoku region

↓ Report on the results of allocation (naming of a predetermined winner of bid)

(If necessary)
Relevant personnel acting as assistants to the above liaison personnel or relevant personnel of any construction firm other than the predetermined winner of bid

↓ Report on the results of allocation (naming of a predetermined winner of bid)

**Relevant party (relevant personnel of predetermined winner of bid)**

Reference 2

**Past Similar Cases**
**– Bid Rigging Related to Orders Placed by the Defense Agency and Other Institutions**

| Case<br>Date of Action<br>(Date of Decision) | Descriptions |
|---|---|
| Recommendation No. 35 of 2004 against three corporations including Bridgestone Corporation<br>December 24, 2004<br>(January 31, 2005) | Jointly designated predetermined winners of bid to ensure that they would receive those orders for air-filled tires for aircrafts procured by way of competitive biddings which were handled by the Central Contract Office of the Defense Agency. |
| Recommendation No. 36 of 2004 against nine corporations including Bridgestone Corporation<br>December 24, 2004<br>(January 31, 2005 and other dates) | Jointly designated predetermined winners of bid to ensure that they would receive those orders for air-filled tire tubes for non-aircraft applications procured by way of competitive biddings which were handled by the Central Contract Office of the Defense Agency. |
| Recommendation No. 14 of 2000 against three corporations including FDK Corporation<br>December 4, 2000<br>(December 22, 2000) | Jointly designated predetermined winners of bid to ensure that they would receive orders for five models of batteries for communication equipments, which made up a large majority of those ordered by the Japan Ground Self-Defense Force in the manner of designated competitive bidding or general competitive bidding. |
| Recommendation No. 25 of 1999 against ten corporations including Cosmo Oil Co., Ltd.<br>November 17, 1999<br>(December 20, 1999 and other dates) | Jointly designated predetermined winners of bid for individual oil types; namely automotive gasoline, kerosene, heavy oil A and aircraft turbine fuel; to ensure that they would receive such orders placed by the Central Procurement Office of the Defense Agency in the manner of designated competitive bidding. |

Defence Facilities Administration Agency

別表

| 番号 | 事業者名 | 本店の所在地 | 代表者 | 排除措置命令 | 課徴金納付命令 | 課徴金額（万円） |
|---|---|---|---|---|---|---|
| 1 | 株式会社ピーエス三菱 | 東京都中央区晴海二丁目５番２４号 | 代表取締役 延増 喬史 | ○ | ○ | 17,899 |
| 2 | 五洋建設株式会社 | 東京都文京区後楽二丁目２番８号 | 代表取締役 村重 芳雄 | ○ | ○ | 16,497 |
| 3 | 株式会社熊谷組 | 福井市中央二丁目６番８号 | 代表取締役 大田 弘 | ○ | ○ | 12,889 |
| 4 | 株木建設株式会社 | 水戸市吉沢町３１１番地１ | 代表取締役 株木 雅浩 | ○ | ○ | 12,096 |
| 5 | 鹿島建設株式会社 | 東京都港区元赤坂一丁目２番７号 | 代表取締役 中村 満義 | ○ | ○ | 11,607 |
| 6 | 東亜建設工業株式会社 | 東京都千代田区四番町５番地 | 代表取締役 鈴木 行雄 | ○ | ○ | 11,198 JPY 111,980,000 → TOA |
| 7 | 大成建設株式会社 | 東京都新宿区西新宿一丁目２５番１号 | 代表取締役 山内 隆司 | ○ | ○ | 9,578 |
| 8 | 西武建設株式会社 | 東京都豊島区南池袋一丁目１６番１５号 | 代表取締役 大澤 茂治 | ○ | ○ | 9,081 |
| 9 | みらい建設工業株式会社 (注1) | 東京都千代田区平河町一丁目４番９号 | 代表取締役 井上 興治 | ○ | ○ | 8,706 |
| 10 | 株式会社鴻池組 | 大阪市中央区北久宝寺町三丁目６番１号 | 代表取締役 玉井 啓悦 | ○ | ○ | 8,624 |
| 11 | 株式会社淺沼組 | 大阪市天王寺区東高津町１２番６号 | 代表取締役 淺沼 健一 | ○ | ○ | 8,544 |
| 12 | 株式会社フジタ | 東京都渋谷区千駄ヶ谷四丁目２５番２号 | 代表取締役 網本 勝彌 | ○ | ○ | 8,396 |
| OBAYASHI → 13 | 株式会社大林組 | 大阪市中央区北浜東４番３３号 | 代表取締役 脇村 典夫 | ○ | ○ | 8,190 |
| 14 | 株式会社奥村組 | 大阪市阿倍野区松崎町二丁目２番２号 | 代表取締役 奥村太加典 | ○ | ○ | 8,152 |
| 15 | 飛島建設株式会社 | 東京都千代田区三番町２番地 | 代表取締役 池原 年昭 | ○ | ○ | 7,528 |
| 16 | 東洋建設株式会社 | 大阪市中央区高麗橋四丁目１番１号 | 代表取締役 赤井 憲彦 | ○ | ○ | 7,462 |
| 17 | 株式会社大本組 | 岡山市内山下一丁目１番１３号 | 代表取締役 大本 榮一 | ○ | ○ | 7,257 |
| 18 | 岩田地崎建設株式会社 (注2) | 札幌市中央区北二条東十七丁目２番地 | 代表取締役 岩田 圭剛 | ― | ○ | 6,863 |
| 19 | 南海辰村建設株式会社 | 大阪市浪速区難波中三丁目５番１９号 | 代表取締役 中嶋 誠之 | ○ | ○ | 6,672 |
| 20 | 若築建設株式会社 | 北九州市若松区浜町一丁目４番７号 | 代表取締役 彦坂 義助 | ○ | ○ | 6,215 |
| 21 | 九州管財株式会社 (注3) | 大分市舞鶴町一丁目７番１号 | 代表取締役 足立 秀雄 | ― | ○ | 6,177 |
| 22 | 鉄建建設株式会社 | 東京都千代田区三崎町二丁目５番３号 | 代表取締役 神田 志義 | ○ | ○ | 6,174 |
| 23 | 松尾建設株式会社 | 佐賀市八幡小路１番１０号 | 代表取締役 松尾 哲吾 | ○ | ○ | 5,818 |
| 24 | 小田急建設株式会社 | 東京都新宿区西新宿四丁目３２番２２号 | 代表取締役 雲竹 正英 | ○ | ○ | 5,780 |
| 25 | 株式会社錢高組 | 大阪市西区西本町二丁目２番１１号 | 代表取締役 錢高 善雄 | ○ | ○ | 5,040 |
| 26 | 徳倉建設株式会社 | 名古屋市中区錦三丁目１３番５号 | 代表取締役 徳倉 正晴 | ○ | ○ | 4,914 |
| 27 | 前田建設工業株式会社 | 東京都千代田区富士見二丁目１０番２６号 | 代表取締役 前田 靖治 | ○ | ○ | 4,541 |
| 28 | 株式会社福田組 | 新潟市中央区一番堀通町３番地１０ | 代表取締役 福田 勝之 | ○ | ○ | 4,410 |
| 29 | 大旺建設株式会社 | 高知市丸ノ内二丁目８番３０号 | 代表取締役 四宮 隆 | ○ | ○ | 4,000 |
| 30 | 佐伯建設工業株式会社 | 大阪市中央区備後町二丁目４番６号 | 代表取締役 大谷 昭義 | ○ | ○ | 3,957 |
| 31 | りんかい日産建設株式会社 | 東京都港区芝二丁目３番８号 | 代表取締役 益山 利昭 | ○ | ○ | 3,931 |
| 32 | 佐藤工業株式会社 | 富山市桜木町１番１１号 | 代表取締役 杉 晟 | ○ | ○ | 3,906 |

| 番号 | 事業者名 | 本店の所在地 | 代表者 | 排除措置命令 | 課徴金納付命令 | 課徴金額（万円） |
|---|---|---|---|---|---|---|
| 33 | 株式会社不動テトラ | 大阪市中央区平野町四丁目２番１６号 | 代表取締役 髙橋　昭夫 | ○ | ○ | 3,855 |
| 34 | 大豊建設株式会社 | 東京都中央区新川一丁目２４番４号 | 代表取締役 岡村　康秀 | ○ | ○ | 3,704 |
| 35 | アイサワ工業株式会社 | 岡山市表町一丁目５番１号 | 代表取締役 逢澤　潔 | ○ | ○ | 3,685 |
| 36 | 戸田建設株式会社 | 東京都中央区京橋一丁目７番１号 | 代表取締役 加藤　久郎 | ○ | ○ | 3,553 |
| 37 | 株式会社間組 | 東京都港区虎ノ門二丁目２番５号 | 代表取締役 新名　順一 | ○ | ○ | 3,528 |
| 38 | 安藤建設株式会社 | 東京都港区芝浦三丁目１２番８号 | 代表取締役 山田恒太郎 | ○ | ○ | 3,354 |
| 39 | 株式会社本間組 | 新潟市中央区西湊町通三ノ町３３００番地３ | 代表取締役 本間　達郎 | ○ | ○ | 3,332 |
| 40 | 大木建設株式会社 (注4) | 東京都台東区東上野六丁目２３番５号 | 清算人 石川　徹 | − | ○ | 3,134 |
| 41 | 多田建設株式会社 | 東京都江東区大島二丁目８番６号 | 代表取締役 中原　滋 | ○ | ○ | 3,062 |
| 42 | 三井住友建設株式会社 | 東京都新宿区西新宿七丁目５番２５号 | 代表取締役 五十嵐久也 | ○ | ○ | 2,992 |
| 43 | 清水建設株式会社 | 東京都港区芝浦一丁目２番３号 | 代表取締役 野村　哲也 | ○ | ○ | 2,683 |
| 44 | 太平工業株式会社 | 東京都中央区新川一丁目２３番４号 | 代表取締役 澤田　靖士 | ○ | ○ | 2,469 |
| 45 | 株式会社新井組 | 兵庫県西宮市池田町１２番２０号 | 代表取締役 酒井　松喜 | ○ | ○ | 2,457 |
| 46 | 村本建設株式会社 | 奈良県北葛城郡広陵町大字平尾１１番地の１ | 代表取締役 村本　吉弘 | ○ | ○ | 2,388 |
| 47 | 大日本土木株式会社 | 岐阜市宇佐南一丁目６番８号 | 代表取締役 石倉　大幹 | ○ | ○ | 2,236 |
| 48 | 株式会社國場組 | 那覇市久茂地三丁目２１番１号 | 代表取締役 國場　幸一 | ○ | ○ | 1,918 |
| 49 | 東急建設株式会社 | 東京都渋谷区渋谷一丁目１６番14号 | 代表取締役 山田　豊彦 | ○ | ○ | 1,789 |
| 50 | 松井建設株式会社 | 東京都中央区新川一丁目１７番２２号 | 代表取締役 松井　隆弘 | ○ | ○ | 1,479 |
| 51 | 株式会社淺川組 | 和歌山市小松原通三丁目６９番地 | 代表取締役 池内　茂雄 | ○ | ○ | 1,354 |
| 52 | 青木あすなろ建設株式会社 | 東京都港区芝二丁目１４番５号 | 代表取締役 市木　良次 | ○ | − | − |
| 53 | 伊藤組土建株式会社 | 札幌市中央区北四条西四丁目１番地 | 代表取締役 吉野　龍男 | ○ | − | − |
| 54 | 株式会社ナカノフドー建設 | 東京都千代田区九段北四丁目２番２８号 | 代表取締役 橋本　武典 | ○ | − | − |
| 55 | 西松建設株式会社 | 東京都港区虎ノ門一丁目２０番１０号 | 代表取締役 國澤　幹雄 | ○ | − | − |
| 56 | 日本国土開発株式会社 | 東京都港区赤坂四丁目９番９号 | 代表取締役 山口　藤夫 | ○ | − | − |
| 57 | 株式会社松村組 | 大阪市北区東天満一丁目１０番２０号 | 代表取締役 菅沼　肇 | ○ | − | − |
| 58 | 丸彦渡辺建設株式会社 | 札幌市豊平区豊平六条六丁目５番８号 | 代表取締役 神野　一弥 | ○ | − | − |
| 59 | 矢作建設工業株式会社 | 名古屋市東区葵三丁目１９番７号 | 代表取締役 山田　文男 | ○ | − | − |
| 60 | 日東みらい建設株式会社 (注1) | 東京都千代田区平河町一丁目４番９号 | | − | − | − |
| 合　計 | | | | 56社 | 51社 | 305,074 |

（注１）　日東みらい建設株式会社は，吸収合併されたことにより消滅したため，合併後の存続会社である番号９のみらい建設工業株式会社に対して課徴金納付命令を行った。

（注２）　岩田地崎建設株式会社（違反行為者でない）は，違反行為者である株式会社地崎工業を吸収合併したことにより，課徴金納付命令を行うものである。

（注３）　九州管財株式会社は，株式会社さとうベネックが，ネクスト・ベネック株式会社に対し事業を譲渡し，現商号に変更したものである。

（注４）　大木建設株式会社は，神田大木建設株式会社に対して営業を譲渡して解散したものである。

（注５）　「排除措置命令」欄の「○」は排除措置命令の名あて人であり，「−」は排除措置命令の名あて人でない違反行為者である。

Cease and Desist Order and Surcharge Payment Order Against Corporate Bidders for the Subway Construction Project Commissioned by the City of Nagoya

November 14, 2007
Japan Fair Trade Commission

The Japan Fair Trade Commission (JFTC), in accordance with the provisions of the Antimonopoly Act (AMA), investigated the corporate bidders for the Subway Line No. 6 Extension Project (Note 1) commissioned by the City of Nagoya and found that they had committed an act in violation of the provision in Article 3 (Prohibition of Unreasonable Restraint of Trade) of the AMA. Accordingly, on November 12, 2007, the JFTC issued against them a cease and desist order pursuant to the provision in Paragraph 2, Article 7 of the AMA and a surcharge payment order pursuant to the provision in Paragraph 1, Article 7-2 of the AMA as detailed below.

(Note 1) Refers to a set of civil engineering construction connected with the project for the extension of the Nonami-Tokushige section of the High Speed Railway Line No. 6 ordered by way of general competitive bidding.

1. The numbers of corporations involved in violation and corporations subject to the cease and desist order and to the surcharge payment order, and the amount of the surcharge.

| Number of corporations in violation | Number of corporations subject to the cease and desist order | Number of corporations subject to the surcharge payment order | Amount of surcharge (Note 2) |
|---|---|---|---|
| 33 | 33 | 14 | 1,920,300,000 yen |

(Note 2) In accordance with the provision in Paragraph 6, Article 7-2 of the Antimonopoly Act, the calculation ratio of 15% was applied to those corporations subject to the surcharge payment order which have faced a previous surcharge payment order within ten years before the date of commencement of the investigation. (This applies only to cases in which the previous surcharge payment order has been settled.) For those corporations subject to the surcharge payment order, which have been convicted of unreasonable restraint of trade and have faced a pecuniary punishment in a final court decision in a case similar to the violation stated in 2 below, the surcharge is set at the amount calculated by subtracting a half of the fine, in accordance with the provision in Article 14 of the AMA.

2. Outline of the violation

During the period from early December to mid-December 2005, the 33 corporations, through communication from an Obayashi Corporation advisor or other personnel (Note 3), or through consultation (Note 4) with the advisor concerning a predetermined winner of bid, agreed that a predetermined winner of bid for the project of the Subway Line No. 6 Extension Project procured by the City of Nagoya be designated as a predetermined winner of bid and that the other corporate bidders cooperate to ensure that the predetermined winner of bid be able to receive the order. Such a conduct, contrary to the public interest, substantially restrained competition in the field of trade for the Subway Line No. 6 Extension Project ordered by the City of Nagoya.

(Note 3) Refers to the former advisor to the Nagoya Branch of Obayashi Corporation and sales personnel of this branch.

(Note 4) Refers, for example, to a statement of aspiration to receive an order placed by the City of Nagoya in connection with the Subway Line No. 6 Extension Project.

3. Outline of the cease and desist order

(1) Respective boards of directors of the 33 corporations shall adopt a resolution to confirm that the agreement mentioned in 2 above has ceased to exist and to ensure that they never engage in similar conduct to that described in 2 above, voluntarily and separately acting to win bids in the future.

(2) Each of the 33 corporations shall make notification of the measures taken in accordance with (1) above to the City of Nagoya as well as to the other 32 corporations. In addition, it shall make them fully understood by its employees.

(3) The 33 corporations, among themselves or in collaboration with any other entrepreneur, shall not determine a predetermined winner of any bid to be placed by the City of Nagoya for a set of civil engineering construction concerning the high-speed railway project in the future.

(4) Morimoto Corporation, Takenaka Civil Engineering & Construction Co., Ltd. and Meiko Construction Co., Ltd. shall each take necessary actions to implement what is described from a. to d. below, whereas the other 30 corporations shall each take measures necessary to implement what is specified in b. below.

a. Formulation or revision of action guidelines on receipt of orders from the public sector for compliance with the AMA;

b. Regular training for relevant sales personnel on compliance with the AMA regarding the receipt of orders for sets of civil engineering construction procured by the City of Nagoya as well as periodical audits performed by legal affairs personnel;

c. Development or revision of regulations on disciplinary action against officers and employees involved in any violation of the AMA;

d. Establishment or revision of effective internal notification or investigation systems, including indemnification, etc. for those reporting any violation of the AMA and those subject to internal investigations.

4. Due date of surcharge payment

February 13, 2008

◆ Application of the leniency program

In this case, one enterprise was granted immunity from surcharge payment.

The JFTC decided to take a policy that it would publish at the JFTC's website (http://www.jftc.go.jp/dk/genmen/kouhyou.html) names, places of head offices and representative directors of enterprises that were granted lenient treatment, along with information on immunity from or percentage of deduction of surcharge applied for each applicant in accordance with the leniency program, if such enterprises asks the JFTC to publish them.

The reason why the JFTC has decided to reveal them based on such a request is that public entities, including the Ministry of Land, Infrastructure and Transport, made it clear that such enterprises could enjoy advantages that a period of debarment from participation in bids for public works would be significantly shortened, and so on.

Nagoya

別表

| 番号 | 事業者名 | 本店の所在地 | 代表者 | 排除措置命令 | 課徴金納付命令 | 課徴金額（万円） |
|---|---|---|---|---|---|---|
| 1 | 清水建設株式会社 ※ | 東京都港区芝浦一丁目２番３号 | 代表取締役 宮本 洋一 | ○ | ○ | 41,403 |
| 2 | 鹿島建設株式会社 ※ | 東京都港区元赤坂一丁目３番１号 | 代表取締役 中村 満義 | ○ | ○ | 39,435 |
| 3 | 鉄建建設株式会社 | 東京都千代田区三崎町二丁目５番３号 | 代表取締役 神田 志義 | ○ | ○ | 19,561 |
| 4 | 西松建設株式会社 | 東京都港区虎ノ門一丁目２０番１０号 | 代表取締役 國澤 幹雄 | ○ | ○ | 15,649 |
| 5 | 戸田建設株式会社 | 東京都中央区京橋一丁目７番１号 | 代表取締役 井上 舜三 | ○ | ○ | 15,019 |
| 6 | 株式会社錢高組 | 大阪市西区西本町二丁目２番１１号 | 代表取締役 銭高 善雄 | ○ | ○ | 12,048 |
| 7 | 東急建設株式会社 | 東京都渋谷区渋谷一丁目１６番14号 | 代表取締役 市川 正美 | ○ | ○ | 10,012 |
| 8 | 東亜建設工業株式会社 | 東京都千代田区四番町５番地 | 代表取締役 鈴木 行雄 | ○ | ○ | 9,213 |
| 9 | 三井住友建設株式会社 | 東京都新宿区西新宿七丁目５番２５号 | 代表取締役 五十嵐久也 | ○ | ○ | 6,426 |
| 10 | 株式会社奥村組 ※ | 大阪市阿倍野区松崎町二丁目２番２号 | 代表取締役 奥村太加典 | ○ | ○ | 5,710 |
| 11 | 前田建設工業株式会社 ※ | 東京都千代田区富士見二丁目１０番２６号 | 代表取締役 前田 靖治 | ○ | ○ | 5,710 |
| 12 | 株式会社淺沼組 | 大阪市天王寺区東高津町１２番６号 | 代表取締役 淺沼 健一 | ○ | ○ | 4,284 |
| 13 | 株式会社森本組 | 大阪市天王寺区夕陽丘町４番１１号 | 代表取締役 藤原 秀武 | ○ | ○ | 4,284 |
| 14 | 株式会社大本組 | 岡山市内山下一丁目１番１３号 | 代表取締役 大本 榮一 | ○ | ○ | 3,276 |
| 15 | アイサワ工業株式会社 | 岡山市表町一丁目５番１号 | 代表取締役 逢澤 寛人 | ○ | ― | ― |
| 16 | 青木あすなろ建設株式会社 | 東京都港区芝二丁目１４番５号 | 代表取締役 市木 良次 | ○ | ― | ― |
| 17 | 株式会社大林組 | 大阪市中央区北浜東４番３３号 | 代表取締役 白石 達 | ○ | ― | ― |
| 18 | 株式会社熊谷組 | 福井市中央二丁目６番８号 | 代表取締役 大田 弘 | ○ | ― | ― |
| 19 | 株式会社鴻池組 | 大阪市北区梅田三丁目４番５号 | 代表取締役 玉井 啓悦 | ○ | ― | ― |
| 20 | 五洋建設株式会社 | 東京都文京区後楽二丁目２番８号 | 代表取締役 村重 芳雄 | ○ | ― | ― |
| 21 | 佐藤工業株式会社 | 富山市桜木町１番１１号 | 代表取締役 杉 晟 | ○ | ― | ― |
| 22 | 大成建設株式会社 | 東京都新宿区西新宿一丁目２５番１号 | 代表取締役 山内 隆司 | ○ | ― | ― |
| 23 | 大日本土木株式会社 | 岐阜市宇佐南一丁目６番８号 | 代表取締役 石倉 大幹 | ○ | ― | ― |
| 24 | 大豊建設株式会社 | 東京都中央区新川一丁目２４番４号 | 代表取締役 岡村 康秀 | ○ | ― | ― |
| 25 | 株式会社竹中土木 | 東京都江東区新砂一丁目１番１号 | 代表取締役 竹中 康一 | ○ | ― | ― |
| 26 | 徳倉建設株式会社 | 名古屋市中区錦三丁目１３番５号 | 代表取締役 徳倉 正晴 | ○ | ― | ― |
| 27 | 飛島建設株式会社 | 東京都千代田区三番町２番地 | 代表取締役 池原 年昭 | ○ | ― | ― |
| 28 | 日本国土開発株式会社 | 東京都港区赤坂四丁目９番９号 | 代表取締役 工藤 睦信 | ○ | ― | ― |
| 29 | 株式会社間組 | 東京都港区虎ノ門二丁目２番５号 | 代表取締役 新名 順一 | ○ | ― | ― |
| 30 | 株式会社フジタ | 東京都渋谷区千駄ヶ谷四丁目２５番２号 | 代表取締役 網本 勝彌 | ○ | ― | ― |
| 31 | 名工建設株式会社 | 名古屋市中村区名駅一丁目１番４号ＪＲセントラルタワーズ３４階 | 代表取締役 増永 防夫 | ○ | ― | ― |
| 32 | 矢作建設工業株式会社 | 名古屋市東区葵三丁目１９番７号 | 代表取締役 山田 文男 | ○ | ― | ― |

JPY 92,130,000 → TOA

OBAYASHI →

| 番号 | 事業者名 | 本店の所在地 | 代表者 | 排除措置命令 | 課徴金納付命令 | 課徴金額（万円） |
|---|---|---|---|---|---|---|
| 33 | 若築建設株式会社 | 北九州市若松区浜町一丁目４番７号 | 代表取締役 福島　章雄 | ○ | － | － |
| 合　計 | | | | 33社 | 14社 | 192,030 |

（注１）　別表中の「※」を付した事業者については，本件と同一の事件について不当な取引制限の罪により罰金の刑に処せられ，同裁判が確定したため，独占禁止法第７条の２第１４項の規定に基づき，当該罰金額の２分の１に相当する金額を控除した額を課徴金の額としたものである。

（注２）　別表中の「○」は排除措置命令又は課徴金納付命令の名あて人である。

（注３）　別表中の「－」は課徴金納付命令の名あて人とならない違反行為者である。