# In the United States Court of Federal Claims

Case No. 08-261C
Filed: August 5, 2008
FOR PUBLICATION

* * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| WATTS-HEALY TIBBITTS A JV, | |
| *Plaintiff,* | Modified Order of Injunction, Motion to Stay |
| v. | |
| THE UNITED STATES, | |
| *Defendant,* | |
| and | |
| IBC/TOA CORPORATION, | |
| *Defendant-Intervenor.* | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Michael H. Payne*, *Esquire,* Payne Hackenbracht & Sullivan, Ft. Washington, PA, for Plaintiff.

*William P. Rayel,* Trial Attorney, argued, with whom were *Stephen C. Tosini*, Trial Attorney, *Gregory G. Katsas*, Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Todd M. Hughes*, Deputy Director, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C.; and  Robert E. Little, Of Counsel, Department of the Navy, Washington, D.C., for Defendant.

*S. Lane Tucker*, Perkins Coie LLP, Anchorage, AK, for Defendant-Intervenor.

## MODIFIED ORDER OF INJUNCTION and ORDER

Smith, Senior Judge:

Pursuant to the hearing on August, 5, 2008, and in accordance with Rule 65(a) of the Rules of the United States Court of Federal Claims, the Court **MODIFIES** its Order of Injunction dated July 18, 2008 with regard to the following:

The Navy shall make a new responsibility determination by a new contracting officer within 30 days from the date of this Order.  The new contracting officer must obtain written

advice from NAVFAC by someone at the flag officer or presidential appointee level as to the pertinent policy considerations and standards of business integrity in order to find awardees responsible in international contracts.  This reconsideration should involve a reasoned analysis of the conduct of TOA and the statutory and regulatory factors relevant to the purposes of a responsibility determination.  The reasons for finding TOA either a responsible contractor or not must be clearly articulated and consistent with the law and Navy policy.

     The Navy shall serve the new responsibility determination on the parties and file it with the Court within 30 days of this Order.  Thereafter, the Court will schedule an oral hearing within 10 days of the delivery of this determination to consider it and rule on lifting the injunction or other possible actions.

     Further, the Court hereby **DENIES** Defendant's Motion for Stay Pending Possible Appeal.  In the event the Defendant files a Notice of Appeal, Defendant may file a Motion for Reconsideration at that time.

     **It is so ORDERED**.

     s/ Loren A. Smith
LOREN A. SMITH,
SENIOR JUDGE