**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

**CONTAINS PRIVILEGED AND CONFIDENTIAL SOURCE SLECTION INFORMATION AND CONTRACTOR BID AND PROPOSAL INFORMATION FILED UNDER SEAL AND SUBJECT TO PROTECTIVE ORDER**

| | | |
|---|---|---|
| **WATTS-HEALY TIBBITS, A JV** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 08-261C** |
| | ) | **(Senior Judge Smith)** |
| **v.** | ) | |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DECLARATION OF ROBERT M. GRIFFIN, JR.**

I, ROBERT M. GRIFFIN, JR., pursuant to 28 U.S.C. 1746, do hereby declare as follows:

1. I have been a member of the Department of the Navy's Senior Executive Service since October 2000. I have over twenty-five years of experience in awarding and administering federal construction contracts. I currently serve as the senior civilian acquisition official for the Naval Facilities Engineering Command ("NAVFAC"), which serves as the activity in charge of construction for the Department of the Navy. My official title is Assistant Commander for Acquisition for NAVFAC. In this position, I lead over 900 acquisition personnel and am responsible for the contractual business practices, policy and oversight for the Command's $10 billion annual contract program. I hold an unlimited contracting officer's warrant.

2. From March 1998 through December 2000, I served as the Director of Public Private Venture Programs at the NAVFAC Headquarters. In that capacity, I was the final technical authority for the Department of the Navy on policies and procedures governing more than $4 billion in active public private ventures. I was formerly involved with planning and managing major cost-reimbursement contract programs in the Command's environmental contract program, which included in excess of $6 billion in cost-reimbursement type contracts. Additionally, I have served as lead negotiator on large, complex negotiations, provided routine guidance to field activities, and served as a key member on command inspection teams. Prior to assuming these duties, I was the Director of Contracts Management Division at NAVFAC Headquarters from November 1990 to October 1997, and the Director of the Environmental/Service Contracts Division at NAVFAC's Western Division from May 1989 to October 1990. I am a graduate of George Mason University, Fairfax, Virginia, with a Bachelor of Science degree in Business Administration. During my career with NAVFAC I have served as the contracting officer for the award of numerous contracts, many of them valued at over $100 million, and have made the requisite responsibility determinations associated with such awards.

3. I am generally familiar with the above-captioned litigation and the circumstances surrounding the related award of contract N62742-07-C-1314 to IBC/TOA Corporation, Joint Venture, for the construction of an extension to Kilo Wharf at Naval Base Guam ("Kilo Wharf contract" or "Kilo Wharf procurement"). I am also familiar with the Court's Order of August 5, 2008 that directed the Navy to designate a new contracting officer to make a new responsibility determination regarding the present responsibility of Joint Venture partner TOA Corporation ("TOA") to continue contract performance. In that regard, by memorandum dated August 18,

2008, from the Commander, NAVFAC, Attachment 1 hereto, I was designated as the new contracting officer. This memorandum also directed me as follows:

> In reaching your conclusion as to whether TOA has the present responsibility to complete the performance of the contract, you shall
>
> Nevertheless, in protecting the interests of the United States, your role is , to determine whether TOA's record of integrity and business ethics is satisfactory. This includes analyzing the presence or absence of preventative or corrective measures and mitigating factors, as well as past offenses that necessitated, or occurred despite, such measures. In that regard, you should be guided by the relevant factors set forth at Federal Acquisition Regulation § 9.406-1(a).

These factors pertain to debarment determinations but are also inherently relevant to a contracting officer making a determination of present responsibility.

4. This Declaration constitutes my determination concerning TOA's present responsibility. In making this determination, in addition to my knowledge of the Kilo Wharf procurement, I have considered TOA's written submissions dated July 30, 2008 ("TOA Submission 1") and August 21, 2008 ("TOA Submission 2"). My determination is also based on face-to-face discussions with several high ranking TOA officials during a meeting held on August 26, 2008, at NAVFAC Headquarters located at the Washington Navy Yard in Washington, D.C. TOA's submissions, which included declarations by TOA corporate officials, and my face-to-face discussions with TOA officials will be referred to in the discussion below. Copies of the business cards of the TOA officials who attended the meeting in Washington, D.C., may be seen at Attachment 2 hereto.

5. To begin with, my understanding of the circumstances

6. I will now turn to the factors listed at Federal Acquisition Regulation (FAR) § 9.406-1(a). As directed by the NAVFAC Commander, these factors will serve as non-exclusive guidelines in making my responsibility determination. For ease of reading, the factors are set forth in bold font with my findings immediately following in normal font. I will also subsequently address other considerations that I believe are important to a present responsibility determination.

**(1) Whether the contractor had effective standards of conduct and internal control systems in place at the time of the activity which constitutes cause for debarment or had adopted such procedures prior to any Government investigation of the activity cited as a cause for debarment.**

**(2) Whether the contractor brought the activity cited as a cause for debarment to the attention of the appropriate Government agency in a timely manner.**

**(3) Whether the contractor has fully investigated the circumstances surrounding the cause for debarment and, if so, made the result of the investigation available to the debarring official.**

**(4) Whether the contractor cooperated fully with Government agencies during the investigation and any court or administrative action.**

**(5) Whether the contractor has paid or has agreed to pay all criminal, civil, and administrative liability for the improper activity, including any investigative or administrative costs incurred by the Government, and has made or agreed to make full restitution.**

Case 1:08-cv-00261-LAS Document 83 *SEALED* Filed 08/28/2008 Page 7 of 21

**(6) Whether the contractor has taken appropriate disciplinary action against the individuals responsible for the activity which constitutes cause for debarment.**

**(7) Whether the contractor has implemented or agreed to implement remedial measures, including any identified by the Government.**

**(8) Whether the contractor has instituted or agreed to institute new or revised review and control procedures and ethics training programs.**

**(9) Whether the contractor has had adequate time to eliminate the circumstances within the contractor's organization that led to the cause for debarment.**

**(10) Whether the contractor's management recognizes and understands the seriousness of the misconduct giving rise to the cause for debarment and has implemented programs to prevent recurrence.**

7. Having considered the information discussed above as it relates to the FAR 9.406-1(a) debarment factors, and mindful of my direction from the NAVFAC Commander to consider , I must now decide whether TOA is presently a responsible contractor to continue performance of the Kilo Wharf contract.

8. In making my responsibility determination, I have considered TOA's actions and its response to those actions along with TOA's performance record on other DoD contracts, and its reputation within the construction industry.

I

y.

11. I believe it is also appropriate to consider other relevant information in addition to the FAR factors identified above.

also find it significant that there have there been no allegations of defective, substitute, or substandard material; shoddy workmanship; mischarging; unsupported requests for price adjustments; or unreasonable delays in completion of those contracts. Additionally, I have reviewed 32 past performance evaluations for TOA contracts performed for NAVFAC. Pursuant to these performance evaluations, which were completed between 2000 and the present, TOA received the following ratings:

12. I also find relevant a firm's reputation in the marketplace as an indicator of its integrity and business ethics. I find it significant that TOA had no difficulty in obtaining all necessary working capital,

competitive rates for the Kilo Wharf contract. (TOA Submission 2, Exhibits 33 and 36).

13. Finally, I would note that NAVFAC has its own extensive resources and expertise for ensuring that the public interest is protected. No funds are expended until we are satisfied that progress is satisfactory. NAVFAC possesses a cadre of professional engineers, inspectors and contract personnel that continuously oversees the work to ensure that the contractor is performing in accordance with the plans and specifications. That said, I have no reason to believe that TOA's performance of the Kilo Wharf project would require other than a normal level of oversight.

14. In conclusion, having considered the FAR factors identified above, and other relevant information, I find that, r s, TOA has a satisfactory record of integrity and business ethics and is presently responsible to continue performance of the Kilo Wharf contract.

I swear under penalty of perjury that the foregoing is a true and correct.

Executed on this 28th day of August 2008, in Washington, D.C.

ROBERT M. GRIFFIN, JR.

# ATTACHMENT 1

**DEPARTMENT OF THE NAVY**
NAVAL FACILITIES ENGINEERING COMMAND
1322 PATTERSON AVENUE, SE SUITE 1000
WASHINGTON NAVY YARD DC 20374-5065

18 August 2008

MEMORANDUM

From: Commander, Naval Facilities Engineering Command
To: Assistant Commander for Contracts

Subj: APPOINTMENT AS CONTRACTING OFFICER FOR AND GUIDANCE RELATED TO THE COURT-ORDERED PRESENT RESPONSIBILITY DETERMINATION OF IBC/TOA CORPORATION, JV, UNDER CONTRACT NO. N62742-07-C-1314.

This memorandum is issued for the subject purposes as required by order of the U.S. Court of Federal Claims. To the extent that you are not already, you shall become familiar with the protest and Court decisions surrounding the award of the subject contract.

**Order of the Court**

By order dated 6 August 2008, the Honorable Loren A. Smith, Senior Judge, U.S. Court of Federal Claims in the matter of *Watts-Healy Tibbitts, a JV, v. United States and IBC/TOA Corporation, JV,* Case No. 08-261C, ordered the Navy as follows:

> The Navy shall make a new responsibility determination by a new contracting officer within 30 days from the date of this Order. The new contracting officer must obtain written advice from NAVFAC by someone at the flag officer or presidential appointee level as to the pertinent policy considerations and standards of business integrity in order to find awardees responsible in international contracts. This reconsideration should involve a reasoned analysis of the conduct of TOA and the statutory and regulatory factors relevant to the purposes of a responsibility determination.

**Appointment of Contracting Officer**

Pursuant to the Court's order as stated above, I hereby appoint you, Robert M. Griffin, Jr., SES, Assistant Commander for Contracts, NAVFAC, as Contracting Officer for the single purpose and no other purpose of determining the present responsibility of IBC/TOA Corporation, JV ("TOA") with respect to Contract No. N62742-07-C-1314.

**Guidance on Making the Present Responsibility Determination of TOA's Business Integrity**

As the Contracting Officer, you are charged with safeguarding the interests of the United States in its contractual relationships. Accordingly, you must ensure that TOA has the requisite business integrity to comply with the terms of the contract. You must also ensure that TOA receives impartial, fair, and equitable treatment.

The matters you are to consider are outlined in the Court's Opinion and order dated July 18, 2008, as follows:

> TOA Corporation is a Japanese corporation that specializes in marine construction and dredging and has also performed work on other government contracts, both for Japan and the United States.
>
> On or about June 22, 2007, the Japan Fair Trade Commission filed an administrative disposition order requiring the payment of 111.98 million yen as the surcharge for TOA's violation of Japan's Antimonopoly Law. The violation involved bid rigging. *See* Pl. Mem. Ex. A and B. The Japan Fair Trade Commission (JFTC) usually imposes a surcharge equivalent in the amount to 10% of sales generated as a result of illegal practices, including bid rigging. TOA was ordered to pay 15% because the JFTC stated that the company had previously been involved in other bid rigging cases. *Id.* On November 14, 2007, the JFTC ordered TOA to pay 1.92 billion yen, again for bid rigging. *See* Pl. Mem. Ex. C. On March 24, 2008, the TOA Corporation also received a business suspension order from the Ministry of Land, Infrastructure, Transport and Tourism, following the company's violation of the Antimonopoly Law. *See* Pl. Mem. Ex. D.

For the purposes of your consideration, the exhibits to TOA Corporation's unsolicited "Submission of IBC/TOA Corporation, a JV, Regarding an Affirmative Responsibility Determination," dated July 30, 2008, attached, cover all of the matters listed above.

You may also consider any other information that you believe is germane. To the extent that representations made in any documents, including but not limited to TOA Corporation's July 30 submission, raise questions, need elaboration, or require verification, you shall correspond immediately and directly with TOA Corporation and any other appropriate person, entity or organization in writing and receive your responses in writing to the maximum extent practicable. Any oral discussions with TOA Corporation or others upon which you may wish to base your determination shall be reduced to writing. In conducting your review and deliberations you shall seek the advice of counsel.

In reaching your conclusion as to whether TOA has the present responsibility to complete the performance of the contract,

in protecting the interests of the United States, your role is
r to determine whether TOA Corporation's record of integrity and business ethics is satisfactory. This includes analyzing the presence or absence of preventative or corrective measures and mitigating factors, as well as past offenses that necessitated, or occurred despite, such measures. In that regard, you should be guided by the relevant factors set forth at Federal Acquisition Regulation § 9.406-1(a).

You shall provide your written determination concerning TOA's present responsibility to Counsel, NAVFAC, by 29 August 2008.

W. G. SHEAR, JR.
Rear Admiral, CEC, U.S. Navy

# ATTACHMENT 2

Masaomi MATSUO

Director
Senior Executive Officer
Chief of Civil Engineering General Headquarters

5,YONBAN-CHO,CHIYODA-KU,TOKYO,102-8451 JAPAN
T E L :03(3262)5107
F A X :03(3221)6917
E-mail:m_matsuo@toa-const.co.jp

TOA CORPORATION
DIRECTOR
SENIOR EXECUTIVE OFFICER
GENERAL MANAGER
INTERNATIONAL DIVISION

Osamu NAKAGOME

ADDRESS: 5, Yonban-cho, Chiyoda-ku
Tokyo 102-8451 JAPAN
PHONE: +81-3-5226-1232 FACSIMILE: +81-3-5226-1234
E-mail: o_nakagome@toa-const.co.jp
http://www.toa-const.co.jp

ISO 9001
ISO 14001
OHSAS 18001

TOA CORPORATION
MANAGER
CONTRACT ADMINISTRATION DEPARTMENT
INTERNATIONAL DIVISION

Atsushi ANDO

ADDRESS: 5, Yonban-cho, Chiyoda-ku,
Tokyo, 102-8451 JAPAN
PHONE: +81-3-5226-1232 FACSIMILE: +81-3-5226-1234
E-mail: a_andou@toa-const.co.jp
http://www.toa-const.co.jp

ISO 9001
ISO 14001
OHSAS 18001

TOA CORPORATION

Toshiyuki OUCHI

Professional Engineer (Civil Engineering)
General Manager of
Civil Engineering Planning Department

5,YONBAN-CHO,CHIYODA-KU,TOKYO,102-8451 JAPAN
TEL :03(3262)5107
FAX :03(3221)6917
E-mail:t_ouchi@toa-const.co.jp

**CERTIFICATE OF FILING**

I hereby certify that on this 4th day of September 2008, a copy of "REDACTED DECLARATION OF ROBERT GRIFFIN" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Stephen C. Tosini